OPINION
{¶ 1} Defendant-appellant, Annette Youngpeter (hereinafter referred to as "Youngpeter"), appeals her conviction, by the Van Wert Municipal Court, for violating the terms and conditions of a protective order. Additionally, Youngpeter appeals the court's denial of a motion to withdraw her guilty plea.
 {¶ 2} On March 27, 2003, Youngpeter was granted a protection order by the Van Wert Court of Common Pleas against Roger Lewis ("Lewis"), the father of Youngpeter's son. Upon the issuance of the order, the trial court found that Lewis had caused physical harm to Youngpeter and that his presence in Youngpeter's home placed her and her son in imminent physical harm. By the terms of the order, Lewis was ordered to vacate Youngpeter's home and was precluded from initiating any contact with Youngpeter.
 {¶ 3} On July 13, 2004, Youngpeter's father discovered Lewis at Youngpeter's home while Youngpeter was at work, and he notified the Delphos Police Department. The police dispatcher telephoned Youngpeter to alert her to the situation. Youngpeter informed the dispatcher that she had given Lewis permission to be at her home. The following day, Youngpeter went to the Delphos Police Department where she was issued a summons to appear in the Van Wert Municipal Court for violating the March 27, 2003 protective order.
 {¶ 4} Youngpeter was arraigned on July 15, 2004 and entered a guilty plea. The trial court accepted her plea, fined her the sum of $50.00 and sentenced her to serve one day in jail. After her court appearance, Youngpeter obtained counsel and filed a motion to withdraw her guilty plea pursuant to Criminal Rule 32.1. The trial court held a hearing on the motion on July 29, 2004.
 {¶ 5} At the hearing, Youngpeter testified that she did not discuss the charge against her with an attorney before entering her guilty plea. She stated that she had only discussed the charge with a police sergeant and, believing that she had no defense to the charge, decided to plead guilty. Following discussion with her attorney, however, Youngpeter discovered a defense to the charge existed.
 {¶ 6} Youngpeter argued at the hearing that she could not be charged with a violation of the protection order that she, herself, had sought and obtained. The trial court rejected Youngpeter's argument, finding that R.C. 2919.27 provides that "no person shall recklessly violate" the terms of a protection order. Accordingly, the trial court denied Youngpeter's motion to withdraw her guilty plea.
 {¶ 7} Youngpeter now appeals from her conviction and sentence, as well as from the denial of her motion to withdraw her guilty plea. She sets forth three assignments of error for our review. For clarity of analysis, we will discuss the third assignment of error first.
 ASSIGNMENT OF ERROR NO. III The trial court abused its discretion when it denied Appellant's motionto withdraw her guilty plea.
 {¶ 8} Youngpeter argues that it was an abuse of discretion for the trial court to deny her motion to withdraw her guilty plea pursuant to Crim. R. 32.1. Youngpeter asserts that her guilty plea was based on statements by police officers and not a discussion with an attorney. Moreover, Youngpeter contends that it was error for the trial court to hold she could lawfully be charged with violating the protection order which she had obtained to protect herself from Roger Lewis. Denying her motion, then, to withdraw her uncounselled guilty plea was an abuse of discretion, Youngpeter asserts.
 {¶ 9} Crim. R. 32.1 governs a motion to withdraw a guilty plea and states in pertinent part:
A motion to withdraw a plea of guilty or no contest may be made onlybefore sentence is imposed or imposition of sentence is suspended; but tocorrect a manifest injustice the court after sentence may set aside thejudgment of conviction and permit the defendant to withdraw his plea.
 {¶ 10} Therefore, a defendant seeking to withdraw a guilty plea after sentence has been imposed must demonstrate a manifest injustice. Statev. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Additionally, the issues of "good faith, credibility and weight" of the defendant's assertions in support of his motion are matters within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Id.; State v. Kattleman, Auglaize App. No. 2-2000-25, 2000-Ohio-1805.
 {¶ 11} Addressing Youngpeter's argument necessarily requires an analysis of whether it is a criminal act for Youngpeter to invite Lewis into her home after a protection order was issued against Lewis, requiring him to avoid Youngpeter's residence.
 {¶ 12} R.C. 3113.31 governs the issuance of protection orders concerning domestic violence. The statute recognizes that in some instances the protected party invites the violation. State v. Lucas,
100 Ohio St.3d, 2003-Ohio-4778, ¶ 25. R.C. 3113.31(E)(7)(a) provides:
If a protection order issued * * * under this section includes arequirement that the respondent * * * refrain from entering theresidence, school, business, or place of employment of the petitioner ora family or household member, the order or agreement shall state clearlythat the order or agreement cannot be waived or nullified by aninvitation to the respondent from the petitioner or other family orhousehold member to enter the residence, school, business, or place ofemployment or by the respondent's entry into one of those placesotherwise upon the consent of the petitioner or other family or householdmember. (Emphasis added.)
 {¶ 13} In construing this statue, the Ohio Supreme Court has stated, "[t]he General Assembly both recognizes and addresses the potential problem of a protected party's acquiescence in the violation of a protection order." State v. Lucas, 100 Ohio St.3d, 2003-Ohio-4778, ¶ 27. In addressing the problem, the legislature has removed the excuse of an invitation from affecting the power of a protection order. Id. Although the statute contemplates that circumstances may arise where a protected party invites a respondent to violate a protection order, the statute "is devoid of any penalty for a petitioner who invites contact with a respondent." Id. at ¶ 28.
 {¶ 14} In the case sub judice, the protection order provided notice to Roger Lewis that, "[t]he persons protected by this order cannot give you legal permission to change or violate this order. If you contact or go near the protected persons, even with their permission, you may be arrested. Only the court can change this order." Additionally, the protection order informed Youngpeter, "[y]ou cannot change the terms of this order by your words or actions. Only the court can allow the Respondent/Defendant to contact you or return to your residence. If you and the Respondent/Defendant want to resume your relationship, you must
ask the Court of modify or dismiss this Protection Order." Emphasis in original.
 {¶ 15} The appellee argues that the notice to Youngpeter, advising her that only a court could change the terms of the protection order, was sufficient to notify her that defying the court's warning could be considered a criminal act. We are constrained to disagree, however, and must hold that the force of this language indicates only that the General Assembly intended the petitioner could not, by her own action, alter or waive the effect of the protection order against respondent Lewis. As the Ohio Supreme Court pointed out, the "sharp distinction" between how a protection order addresses petitioners and respondents reflects the "General Assembly's intention that only one party — the respondent — can be criminally responsible for the violation of a protection order."Lucas, 2003-Ohio-4778 at ¶ 35. Emphasis added.
 {¶ 16} The occurrence of a "manifest injustice," necessary for the withdrawal of a guilty plea, is generally found in the exceptional case and not in a case in which the only evidence of any injustice is the petitioner's testimony. State v. Cook, 3d Dist. No. 12-01-15, 2002-Ohio-2846, ¶ 12. However, in this case, Youngpeter's assertion that she could not be criminally charged with a violation of a protection order is supported by law. After reviewing the record, it appears that there was a specific misunderstanding and mistake of law by the court and the prosecution as to whether Youngpeter could be charged with violating the protection order that she obtained against Roger Lewis. A fundamental error of this nature is sufficient to constitute a manifest injustice under Crim. R. 32.1. Under these particular circumstances, it was error for the trial court to deny Youngpeter's motion to withdraw her guilty plea.
 {¶ 17} Consequently, Youngpeter's third assignment of error is sustained.
 ASSIGNMENT OF ERROR NO. I The trial court lacked subject matter jurisdiction; therefore,Appellant's conviction is void.
 ASSIGNMENT OF ERROR NO. II The trial court erred as a matter of law in accepting Appellant'sguilty plea and entering a finding of guilt.
 {¶ 18} Considering our analysis and disposition of Youngpeter's third assignment of error, we find that Youngpeter's conviction should be vacated. Therefore, we need not address Youngpeter's remaining assignments of error.
 {¶ 19} Youngpeter's first and second assignments of error are overruled.
 {¶ 20} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgments of the trial court and remand these matters for further proceedings consistent with this opinion.
Judgments Reversed and Causes Remanded.
 Rogers and Shaw, J.J., concur.