[Cite as *State v. Tate*, 2012-Ohio-1503.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   11 MA 78 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| JAUWAN TATE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Criminal Appeal from Common Pleas
                                                          Court, Case No. 10CR430.

JUDGMENT:                                          Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellee:                          Attorney Paul Gains
                                                          Prosecuting Attorney
                                                          Attorney Ralph Rivera
                                                          Assistant Prosecuting Attorney
                                                          21 West Boardman Street, 6th Floor
                                                          Youngstown, Ohio  44503

For Defendant-Appellant:                     Attorney John Ams
                                                          134 Westchester Drive
                                                          Youngstown, Ohio  44515

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                                          Dated:  March 30, 2012

VUKOVICH, J.

{¶1} Defendant-appellant Jauwan Tate appeals the decision of the Mahoning County Common Pleas Court denying his presentence motion to withdraw his guilty plea. He argues that the trial court abused its discretion as the factors weigh in favor of allowing plea withdrawal. For the following reasons, the judgment of the trial court is reversed and the case is remanded with orders to allow plea withdrawal.

## STATEMENT OF THE CASE

{¶2} On April 19, 2010, a firearm was discharged from a motor vehicle into a residence on Hudson Avenue in Youngstown, Ohio. The resident stated that appellant was the shooter. Appellant was indicted for improper discharge of a firearm at a habitation, improper handling of a firearm in a motor vehicle, and felonious assault, all with firearm specifications. The case was set for a March 14, 2011 trial.

{¶3} On the day of the scheduled trial, a plea agreement was reached whereby the state dismissed the improper handling of a firearm in a motor vehicle and felonious assault charges in exchange for appellant's guilty plea to complicity to improper discharge of a firearm at a habitation. The state also amended the type of firearm specification so that the mandatory sentence was only three years instead of five years. The state agreed to recommend a two-year sentence plus three years for the firearm specification. A presentence investigation report was ordered, and sentencing was set for April 28, 2011.

{¶4} On March 31, 2011, appellant filed a motion to withdraw his guilty plea claiming that he had a valid defense to the charge. His attorney also asked to withdraw as counsel. The state responded with a memorandum in opposition arguing that appellant entered a favorable plea agreement, that he had experienced counsel, and that the state was prejudiced because they have not been in contact with the witnesses.

{¶5} The court heard the motions prior to the sentencing hearing. Defense counsel noted that the victim recently wrote a letter recanting his statement that appellant was the shooter. Counsel argued that the motion was timely filed and urged that the state's claim of prejudice is not credible because the motion was filed two

weeks after the plea and a month before sentencing. The court noted that appellant pled to complicity and opined that his valid defense must be balanced against the favorable plea bargain that he struck. (Tr. 5-7).

**{¶6}** The court then denied the plea withdrawal motion. Appellant orally withdrew his request for new counsel, and the court proceeded to sentence appellant to the agreed upon sentence of two years for the discharge of a firearm into a habitation plus three years for the firearm specification. Appellant filed a timely notice of appeal.

<u>ASSIGNMENT OF ERROR</u>

**{¶7}** Appellant's sole assignment of error provides:

**{¶8}** "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."

**{¶9}** Pursuant to Crim.R. 32.1, a criminal defendant can move to withdraw a guilty plea. After sentencing, such a motion can only be granted to correct a manifest injustice. Crim.R. 32.1. However, presentence motions shall be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 526-527, 584 N.E.2d 715 (1992). Still, there is no absolute right to presentence plea withdrawal, the decision to grant or deny the motion is within the trial court's discretion, and such decision is not reversed absent an abuse of discretion. *Id.*

**{¶10}** Some of the factors to be weighed in making a decision on a motion to withdraw a guilty plea are as follows: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Cuthbertson*, 139 Ohio App.3d 895, 898-899, 746 N.E.2d 197 (7th Dist.2000), citing *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995).

**{¶11}** Although lack of prejudice to the state is an important factor, none of the factors is absolutely conclusive. *Id.* at 899. *See also State v. Leasure*, 7th Dist. No. 01BA42, 2002-Ohio-5019, ¶ 19. With respect to the final factor, the court must ensure

the claim is more than a change of heart about the plea agreement. *State v. Kramer*, 7th Dist. No. 01CA107, 2002-Ohio-4176, ¶ 58. Plea withdrawal is more appropriate where there has been a material change of fact or circumstance since the plea hearing. See *State v. Moore*, 7th Dist. No. 06CO74, 2008-Ohio-1039, ¶ 13.

{¶12} In *Cuthbertson*, we reversed the trial court's denial of the defendant's plea withdrawal motion as there was no allegation of prejudice to the state, counsel was not very involved in the plea withdrawal request, the motion was filed two weeks before the scheduled sentencing hearing and one week after the plea hearing, and the defendant claimed that he was present for the murder but was not the perpetrator. *Cuthbertson*, 139 Ohio App.3d at 899-900.

{¶13} In *Griffin*, we reversed the trial court's denial of a the defendant's motion to withdraw his guilty plea where prejudice to the state was not articulated, the motion was filed two weeks after the guilty plea and one month before the scheduled sentencing hearing, the defendant said his attorney did not interview witnesses and pressured him into pleading, and the defendant learned while in jail that a witness that he believed was going to testify against him was now stating that she saw the victim draw first. *State v. Griffin*, 141 Ohio App.3d 551, 555-556, 752 N.E.2d 310 (7th Dist.2001).

{¶14} We now apply the factors to the case before us. As for the second and third factors, appellant agrees with the state's argument that defense counsel rendered effective assistance and that the Crim.R. 11 plea hearing was adequate. (Still, it is worth noting that the court ruled on the plea withdrawal motion while the motion to withdraw as counsel was still pending.) Appellant also agrees with the state's assessment, under the eighth factor, that he understood the nature of the charges and the potential sentences. Thus, these three factors weigh in favor of the state.

{¶15} As for prejudice, the state originally claimed in their response memorandum that they would suffer prejudice because they had not spoken to witnesses since the plea and that evidence may have been destroyed. However, this latter statement is conjecture, and appellant sought to withdraw his plea *a mere two weeks* after the plea hearing. Thus, no memories would have faded. Moreover, the victim was still very much in the picture, sending letters to the court and the defendant.

Notably, the state set forth no arguments at the withdrawal hearing. In any event, on appeal, *the state concedes that the prejudice factor weighs in appellant's favor.*

**{¶16}** The state also agrees that *the motion was timely filed* as it was presented nearly a month prior to sentencing and two weeks after the plea hearing. It was also based upon a new item of evidence obtained by the defendant after the plea hearing, being the victim's new statement. The victim sent his statement to the clerk for filing weeks prior to the plea hearing, but it was not discovered by the defense until after the plea hearing. Although it was not provided to the state either, this does not change the fact that it was not revealed to the defense until after the plea hearing.

**{¶17}** The parties disagree on the fourth and fifth factors, i.e. whether the hearing on the motion to withdraw was adequate and whether the court gave full and fair consideration to the motion. Appellant notes that the court interrupted his attorney's argument and denied the motion without permitting his counsel to finish his statement. (Tr. 5, 7). He points out that the court seemed to only focus on its impression that appellant received a favorable deal in the plea bargain. Appellant also believes that the court was not interested in reading the victim's new statement. These factors weigh in appellant's favor, or at the very least they do not weigh in favor of the state.

**{¶18}** The parties also disagree on the seventh and ninth factors: the reason for plea withdrawal and whether there is a complete defense. Appellant emphasizes the fact that the victim previously claimed appellant was the shooter and later stated that appellant was not the shooter, but was merely a passenger in the vehicle. Although he pled guilty to complicity, complicity is present in every indictment, and the victim's new statement at least makes appellant's case more compelling as it is easier for the state to show intent for the actual shooter than for just an occupant of a vehicle. That is, a complicity case would be harder to prove than a case where the victim saw appellant fire a weapon. Consequently, the changed statement from the victim, denying that appellant was the shooter, is the type of occurrence that is material to a plea withdrawal motion and causes these two factors to weigh in favor of appellant.

**{¶19}** In conclusion, the important factors of prejudice and timing weigh in appellant's favor. Moreover, his reason for withdrawal is valid, and the victim's new

statement places appellant's defense in a better position than before. This is more than a mere change of heart. *See Kramer*, 7th Dist. No. 01CA107 at ¶ 58. Rather, there was a material change of fact or circumstance disclosed since the plea hearing. *See Moore*, 7th Dist. No. 06CO74 at ¶ 13. Finally, the trial court did not ensure that defense counsel and appellant were finished presenting their case for withdrawal, and it is uncertain whether the court even read the victim's new statement.

{¶20} For the foregoing reasons, the judgment of the trial court is hereby reversed and the case is remanded with orders to allow plea withdrawal.

Donofrio, J., concurs.
Waite, P.J., concurs.