[Cite as *State v. Williams*, 2012-Ohio-4262.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 MA 156 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| LEXTER WILLIAMS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
                              Court, Case No. 10 CR 1358.


JUDGMENT:                     Reversed and Conviction Vacated.


APPEARANCES:
For Plaintiff-Appellee:       Attorney Paul J. Gains
                              Prosecuting Attorney
                              Attorney Ralph M. Rivera
                              Assistant Prosecuting Attorney
                              21 W. Boardman St., 6th Floor
                              Youngstown, OH  44503


For Defendant-Appellant:      Attorney Jay Blackstone
                              6600 Summit Drive
                              Canfield, OH  44406


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


                                        Dated: September 11, 2012

DeGenaro, J.

{¶1} Defendant-Appellant, Lexter Williams, appeals the August 23, 2011 judgment of the Mahoning County Court of Common Pleas overruling his post-sentence motion to withdraw his guilty plea to one count of escape. Williams contends that the trial court abused its discretion by denying the motion because he met his burden of establishing the existence of "manifest injustice." The State concedes the error.

{¶2} Williams' assignment of error is meritorious, because as a matter of law his conduct, i.e., violating the terms of his electronically monitored house arrest, did not constitute the crime of escape. Accordingly, the judgment of the trial court is reversed and the conviction for escape is vacated.

## Facts and Procedural History

{¶3} On October 28, 2010, in a separate Mahoning County Common Pleas Court case (09 CR 78), Williams pled guilty to 11 felony charges. Pursuant to the plea agreement in that case, the State agreed to make a favorable recommendation regarding sentencing and agreed to recommend that Williams be released on his own recognizance pending sentencing, with electronically monitored house arrest (EMHA) monitoring and daily reporting to the Community Corrections Association (CCA) for three weeks. In the written plea agreement, the State noted that its offer was expressly contingent on Williams abiding by the terms of his EMHA and reporting to CCA, and that if Williams were to violate EMHA, the laws of the State of Ohio or engage in any illegal activity, the State's recommendation would be the maximum sentence.

{¶4} Ultimately, Williams fled before sentencing in Case Number 09 CR 78. As a result of that conduct, on December 9, 2010, Williams was indicted by the Mahoning County Grand Jury in the present case (trial court Case Number 10 CR 1358), on one count of escape (R.C. 2921.34(A)(1)), a second-degree felony.

{¶5} Williams pled guilty to the escape charge on March 1, 2011, waived his right to a pre-sentence investigation and a combined plea and sentencing hearing was held. The trial court accepted Williams' guilty plea and sentenced him to eight years in prison, to be served concurrently with the prison sentence in Case Number 09 CR 78, with credit for time served. The trial court further advised Williams that he would be subject to three

years of post-release control.

{¶6} On April 14, 2011, Williams, via trial counsel, filed a motion to withdraw his guilty plea, seeking the withdrawal on the grounds that counsel had inadvertently overlooked a complete defense to the escape charge, namely that pursuant to Ohio Supreme Court case law, EMHA does not constitute a "detention" for purposes of the escape statute. Counsel asserted that his failure to inform Williams of this defense effectively deprived Williams from entering his plea knowingly and intelligently. Attached to the motion was an affidavit from Williams, in which he averred that at the time he made his plea he did not know that EMHA does not constitute detention as required for an escape conviction, and that had he known this he would not have entered a guilty plea to the charge.

{¶7} The State filed a brief in opposition to the motion, and on August 23, 2011, without holding a hearing, the trial court overruled Williams' motion to withdraw his guilty plea.

### Post-Sentence Motion to Withdraw Guilty Plea

{¶8} In his sole assignment of error, Williams asserts:

{¶9} "The court's August 23, 2011 decision and corresponding judgment entry overruling the defendant's motion to withdraw guilty plea was a prejudicial error as a result of the court's failure to correct a 'manifest injustice' as contemplated by Crim.R. 32.1 of the Ohio Rules of Criminal Procedure."

{¶10} Crim.R. 32.1 governs motions to withdraw a guilty plea and states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1; *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶8; *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, (1977), at paragraph one of the syllabus. A "manifest injustice" can only be established in "extraordinary cases" and has been defined by the Ohio Supreme Court as a "clear or openly unjust act." *Smith*, 49 Ohio St.2d at 264; *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83

(1998).  The purpose of the manifest injustice requirement is to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment.  *Smith* at 264.

**{¶11}**  "[T]he ineffectiveness of counsel when a defendant is entering a guilty plea can be a manifest injustice that the defendant may use as the basis for a motion to withdraw a guilty plea."  *State v. Doak*, 7th Dist. Nos. 03 CO 15, 03 CO 31, 2004-Ohio-1548, ¶19, citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992).

**{¶12}**  An appellate court reviews the disposition of a motion to withdraw a guilty plea for an abuse of discretion.  *State v. Carabello*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985).  "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N .E.2d 144 (1980).

**{¶13}**  Williams presents several sub-arguments in support of reversal, but his main contention, which is dispositive of this appeal, is that he should have been permitted to withdraw his plea because under Ohio Supreme Court precedent, EMHA does not constitute a "detention" as required for the crime of escape.  He contends that the trial court abused its discretion by failing to correct this "manifest injustice."  Williams is correct.

**{¶14}**  R.C. 2921.34(A)(1), the escape statute, provides: "No person, knowing the person is under detention * * * shall purposely break or attempt to break the detention, or purposely fail to return to detention * * *."  The term "detention" is defined by R.C. 2921.01(E) and does not include EMHA.

**{¶15}**  In *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, the Ohio Supreme Court concluded that "pretrial electronic home monitoring was not intended to be a form of detention under R.C. 2921.01(E) [and thus] that pretrial electronic home monitoring does not constitute detention for the purpose of prosecuting the crime of escape, nor does it satisfy the requirements of proof in R.C. 2929.04(A)(4)." *Id.* at ¶72.

**{¶16}**  Williams asserts that because his conduct could not have constituted an escape as a matter of law, pursuant to *Gapen*, and because his trial counsel failed to

advise him of this, his guilty plea was therefore unknowing, and he should have been permitted to withdraw the plea to avoid manifest injustice.

{¶17} As indicated, the State concedes that the trial court abused its discretion by denying Williams' motion to withdraw his guilty plea. In support, the State cites this court's recent opinion in *State v. Tate*, 7th Dist. No. 11 MA 78, 2012-Ohio-1503, in which we reversed the trial court's denial of a motion to withdraw a guilty plea, in part because the defendant asserted a possible complete defense to the charge, namely that the victim had allegedly recanted her statement that Tate was the shooter. *Id.* at ¶18. *Tate* is not entirely on point since it involved a *pre-sentence* motion to withdraw. Such motions are more liberally granted and courts apply a multi-factor test, as set forth in *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995), rather than the manifest injustice standard. *See, also*, *State v. Xie*, 62 Ohio St.3d 521, 526-527, 584 N.E.2d 715 (1992); *State v. Cuthbertson*, 139 Ohio App.3d 895, 898-899, 746 N.E.2d 197 (7th Dist.2000).

{¶18} That said, we have noted that some of the *Fish* factors may be relevant in reviewing a post-sentence motion. *State v. Russell*, 7th Dist. No. 04 CA 807, 2005-Ohio-1337, ¶18. And indeed, one of the factors is: "(9) whether the accused maintains his innocence, points to evidence placing his guilt in question, or alleges a complete defense to the charge." Further, several Third District opinions involving post-sentence motions are instructive and support the parties' assertions that reversal is proper in this case: *State v. Cook*, 3d Dist. No. 12-01-15, 2002-Ohio-2846; *State v. Youngpeter*, 3d Dist. Nos. 15–04–09, 15–04–10, 2005-Ohio-329.

{¶19} In *Cook*, the defendant received incorrect information regarding his sentence prior to making his plea. Specifically, his counsel erroneously represented to him, during the plea hearing, that he would be entitled to judicial release, and the trial court erroneously stated in its judgment entry that the defendant's prison term was not mandatory, despite the fact that the term was imposed under a sentencing statute that required mandatory prison term without possibility of judicial release. Cook obtained new counsel, became aware that he was ineligible for judicial release and filed a post-sentence motion to withdraw his guilty plea, which was overruled. The Third District

reversed, concluding that a manifest injustice had occurred:

> Cook's assertions that he was not intelligently informed of the meaning of his plea are supported by statements of his counsel at the sentencing hearing and by the judgment entry of the trial court. In sum, there was a specific misunderstanding and mistake of law by court and counsel as to whether Cook was eligible for judicial release. We believe a fundamental error of this nature, which is corroborated by the record, is sufficient to void the plea and is therefore sufficient to constitute a manifest injustice under Crim. R. 32.1. Under the circumstances, we believe it was error for the trial court to deny the motion to withdraw the plea. Consequently, Cook's assignment of error is sustained and the judgment of the trial court is reversed and remanded to be decided in accordance with this opinion. (Footnote omitted.) *Cook* at ¶12.

**{¶20}** Even more on point is *Youngpeter*, where the Third District reversed the trial court's denial of the defendant's motion to withdraw her guilty plea, where, as a matter of law, the defendant could not have been convicted of the crime to which she pled guilty. There the defendant pled guilty to violating a protection order that she herself had sought, despite the fact that the applicable statute was "devoid of any penalty for a petitioner who invites contact with a respondent." *Youngpeter* at ¶13, quoting *State v. Lucas*, 100 Ohio St.3d 1, 2003-Ohio-4778, 795 N.E.2d 642, ¶27. The Third District concluded that, like in *Cook*, there was a specific misunderstanding and mistake of law by the court and the prosecution as to whether Youngpeter could be charged with violating the protection order and that such a "fundamental error" is sufficient to constitute a manifest injustice under Crim.R. 32.1. *Youngpeter* at ¶16.

**{¶21}** Similarly, Williams clearly received incorrect information regarding the escape charge to which he pled guilty. Because the element of detention could not be met as a matter of law, he could not have been found guilty of escape. There was a

specific misunderstanding by counsel and the trial court regarding whether Williams' conduct constituted escape as a matter of law. This was argued to the trial court to correct this manifest injustice. The trial court should have permitted Williams to withdraw his guilty plea, and abused its discretion by failing to do so. Thus, Williams' sole assignment of error is meritorious. Accordingly, the judgment of the trial court is reversed and the conviction for escape is vacated.

Donofrio, J., concurs.

Vukovich, J., concurs.