The STATE of Ohio, Appellee,

v.

CUTHBERTSON, Appellant.

[Cite as *State v. Cuthbertson* (2000), 139 Ohio App.3d 895.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 98.CA 133.

Decided Sept. 21, 2000.

*Paul Gains,* Mahoning County Prosecuting Attorney, and *Dawn Durkin,* Assistant Prosecuting Attorney, for appellee.

*Douglas Taylor,* for appellant.

VUKOVICH, Judge.

Defendant-appellant Donnell Cuthbertson appeals the decision of the Mahoning County Common Pleas Court which denied his motion to withdraw a guilty plea. For the following reasons, the trial court's decision is reversed, and this cause is remanded with orders to allow appellant to withdraw his plea of guilty to the charge of murder with a firearm specification.

## STATEMENT OF FACTS

On February 7, 1997, appellant was indicted for aggravated murder in violation of R.C. 2903.01(A) with a firearm specification in violation of R.C. 2941.145(A). It was alleged that he purposely and with prior calculation and design shot and killed Marcus Mosley on January 9, 1997.

On March 17, 1998, appellant entered into a plea agreement with the state. The state amended the indictment to murder in violation of R.C. 2903.02(A) with a firearm specification in exchange for appellant's guilty plea.[1]

The court conducted a plea hearing and engaged in a Crim.R. 11 plea colloquy with appellant. Appellant's plea of guilty was accepted and the case was set for sentencing. Approximately one week later, the court received a letter from appellant requesting that he be permitted to withdraw his guilty plea. He stated that his mother encouraged him to plead guilty and that he was not the offender in this crime.

On March 31, 1998, the court conducted a hearing on appellant's motion to withdraw his guilty plea. Appellant testified that he was aware that he pled to murder where he faced fifteen years to life in order to avoid the possibility of a life sentence on the aggravated murder without possibility of parole until after twenty-five years. Appellant stated that he decided to plead guilty after having discussions with his mother, his fiancée and his attorney. As for the reasons supporting his motion to withdraw his plea, appellant's testimony read in its entirety:

"Basically, I changed my mind because, first of all, I'm innocent. Second, I thought about the entire situation with my attorney, with my mom and everybody that is involved in this case, and I felt that it was my life that was at stake and wanted to determine what would happen for the rest of my life. My mom encouraged me a lot to take this plea bargain. She really knows nothing about the law, and I guess I considered her life a lot and that made me decide and think about my son, and I guess I felt that also I wouldn't even get a fair trial. I discussed it with my attorney for 14 months. I never wanted to take a plea bargain, and I had no plans to take a plea bargain and come time for trial that's all I ever heard was plea bargain, plea bargain, and it was like the only thing for me to do. That's not what I wanted to do.

" * * *

"Basically because, I guess, first of all, I'm human. I'm entitled to make a mistake on my decisions. I think the prosecution should, or whoever is going to determine what is going to happen with this situation, needs to prove me guilty on the charges they charged me with. I don't want to spend the rest of my life in prison because of what somebody else did or I was with somebody that did something."

---

1. Note that the state also agreed to recommend concurrent sentencing with a separate and unrelated case, No. 96CR793, containing a burglary and an assault charge to which appellant had already pled guilty but had not yet been sentenced.

On cross-examination, appellant repeated that he was pressured to plead guilty. On April 2, 1998, the court denied appellant's request to withdraw his guilty plea.

Thereafter, appellant was sentenced to fifteen years to life on the murder charge with three years of actual incarceration on the firearm specification.[2] The within appeal followed. Due to an untimely appellate brief, this case was dismissed. However, the appeal was later reinstated.

### ASSIGNMENT OF ERROR NUMBER ONE

Appellant sets forth two assignments of error, the first of which contends:

"The trial court abused its discretion in refusing to grant defendant-appellant's motion to withdraw his previous plea of guilty where such request was made previous to the imposition of sentence."

■ Pursuant to Crim.R. 32.1, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." This rule provides a fairly stringent standard for deciding a postsentence motion to withdraw a guilty plea, but gives no guidelines for deciding a presentence motion. *State v. Xie* (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715, 718–719.

■ Generally, the courts hold that a decision on a presentence plea withdrawal motion is within the trial court's sound discretion. *Id.* at 526, 584 N.E.2d at 718–719. Specifically, however, case law establishes that a presentence motion to withdraw a guilty plea shall be freely and liberally granted. *Id.* at 526, 527, 584 N.E.2d at 718–719, 719–720. In making its determination, the trial court must conduct a hearing and decide whether there is reasonable and legitimate basis for withdrawal of the plea. *Id.* at 527, 584 N.E.2d at 719–720. Although it is not the role of the appellate court to conduct a *de novo* review, the appellate court may reverse the trial court's denial if the trial court acts unjustly or unfairly. *Id.* at 526, 527, 584 N.E.2d at 718–719, 719–720.

■ Some of the factors that are weighed in considering a presentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to

---

2. Appellant was also sentenced to a year on each of the two charges in case No. 96CR736. As per the state's recommendation, the court ordered these sentences to run concurrently with the murder sentence.

the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Thomas* (Dec. 17, 1998), Mahoning App. 96 CA 223, 96 CA 225, and 96 CA 226, unreported, at 3, 1998 WL 934645, citing the factors first set forth in *State v. Fish* (1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788, 790.

In the case at bar, the trial court denied the withdrawal motion by stating that appellant "did not articulate any reason for his motion other than a change of mind." Initially, it appears that appellant articulated more than a mere change of mind. As aforementioned, the reason for the desire to withdraw a prior guilty plea is only one factor out of many; no one factor is conclusive. *Fish,* 104 Ohio App.3d at 240, 661 N.E.2d at 790.

The trial court also stated that appellant's attorney was competent and that appellant received a full plea hearing and withdrawal hearing. However, in reviewing all of the factors, we conclude that the court abused its discretion by denying appellant's motion to withdraw his plea.

First, there is no allegation that the state's case would be prejudiced upon withdrawal of the plea. Lack of prejudice to the state is said to be one of the most important factors. *Id.* at 239–240, 661 N.E.2d at 789–790. See, also, *State v. Boyd* (Oct. 22, 1998), Franklin App. No. 97APA12–1640, unreported, at 6, 1998 WL 733717 (noting that prejudice usually involves a scenario where a state's witness has become unavailable).

Admittedly, the required hearing on the motion to withdraw occurred, and appellant was able to attempt to explain his position. Nonetheless, the transcript leaves one with the impression that appellant's attorney was preoccupied with making a record to establish that he did not coerce the plea rather than attempt to assist appellant in a successful plea withdrawal.

It is also worth noting that appellant took it upon himself to seek plea withdrawal by means of a letter to the court. The letter stated specific reasons for his desire to withdraw his plea, and these reasons were repeated at the hearing. The letter was received by the court approximately one week after the plea hearing; this was almost two weeks prior to the scheduled sentencing hearing. Hence, the timing of the motion was surely reasonable. Lastly, appellant has set forth the possibility of a defense to the charge by maintaining his claims that he was not the perpetrator of the murder yet implying that he was present.

In conclusion, when a defendant claims he is innocent and wishes to withdraw his plea of guilt prior to sentencing, a comparison of the interests and potential

prejudice to the respective parties weigh heavily in the interests of the accused. That is, in such a situation we have the inconvenience to the state of proving the guilt of a defendant at trial versus the possibility that a person has pled guilty to a crime they did not commit. Absent any showing of some other real prejudice to the state which occurred solely as a result of entering into a plea bargain, as here, the potential harm to the state in vacating the plea is slight, whereas the potential harm to the defendant in refusing to vacate the plea is great. Accordingly, we hold that the failure of the lower court to allow appellant to withdraw his plea was unreasonable. As such, this case is reversed and remanded to the trial court with orders to allow appellant to withdraw his plea of guilty to the murder charge with the firearm specification and to vacate the plea agreement which was based upon said plea. Due to our resolution of appellant's first assignment of error, appellant's second assignment of error is moot and shall not be addressed. See App.R. 12(A)(1)(c).

*Judgment accordingly.*

Cox, P.J., and Gene Donofrio, J., concur.