OPINION
{¶ 1} Appellant Elzie Leasure is appealing a decision of the Belmont County Court of Common Pleas which denied his presentence motion to withdraw a guilty plea. For the reasons that follow, Appellant's sole assignment of error is overruled and the decision of the trial court is hereby affirmed.
 {¶ 2} On four occasions in the autumn of 2000, Appellant was observed by the Bellaire Police Department selling the drug Darvocet to a confidential informant. Appellant was indicted on May 2, 2001, on four counts of trafficking in drugs, in violation of R.C. § 2925.03(A)(1). Each count contained a specification that the offense was committed within the vicinity of a school in violation of R.C. § 2925.03(C)(1)(b), which should have elevated the crimes from fourth degree to third degree felonies. For some reason, the record consistently refers to these crimes as fourth degree felonies rather than third degree.
 {¶ 3} At a hearing held on May 29, 2001, pursuant to a Crim.11 plea agreement, Appellant pleaded guilty to counts one, two and three of the indictment. The prosecutor agreed to drop the fourth count. Appellant was represented by counsel at the time of his plea. The written plea agreement is in the record. The trial court accepted the guilty plea after a substantial Crim.R. 11 colloquy with Appellant, and scheduled sentencing to be held on June 18, 2001.
 {¶ 4} Immediately prior to the sentencing hearing, Appellant made an oral motion to withdraw his guilty plea. (6/20/01 Journal Entry). A written motion was filed on July 11, 2001. Appellant alleged that he could not read or write and that he did not understand the plea.
 {¶ 5} A combined hearing on Appellant's motion to withdraw his plea and on sentencing was held July 23, 2001. The trial court overruled the motion to withdraw the plea, and sentenced Appellant to six months in prison on each count, to be served consecutively, for a total of eighteen months imprisonment. The court's rulings were journalized on July 27, 2001. Appellant filed this timely appeal on August 2, 2001.
 {¶ 6} Appellant's only assignment of error asserts:
 {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA."
 {¶ 8} Appellant argues that a presentence motion to withdraw a guilty plea should be freely and liberally granted, citing this Court's decision inState v. Cuthbertson (2000), 139 Ohio App.3d 895, 746 N.E.2d 197. Appellant acknowledges that a decision to grant a presentence motion to withdraw a guilty plea rests upon the sound discretion of the trial court, citing State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715.
 {¶ 9} Appellant asserts that the following factors must be considered by the trial court in making its decision whether or not to allow a guilty plea to be withdrawn prior to sentencing:
 {¶ 10} "(1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge." Cuthbertson, supra, at 898-899, 746 N.E.2d 197.
 {¶ 11} Appellant argues that the prosecutor never alleged that the state would be prejudiced by the withdrawn plea. Appellant contends that this is one of the most important of the Cuthbertson
factors. Id. at 899.
 {¶ 12} Appellant asserts that he presented his motion in a timely fashion nine days before sentencing. Appellant also maintains that the state did not fulfill its part of the plea bargain. Specifically, Appellant claims that he was promised that other charges for domestic violence and a charge involving a car title would be dropped. These charges were allegedly pending in another court. Appellant claims that, even though the domestic violence charge was dropped, he actually had to go to court and post a bond to get them dropped. Appellant contends that the prosecutor violated the Crim.R. 11 agreement by forcing him to go to court to get the charges dismissed.
 {¶ 13} Appellant contends that the trial court only considered one of theCuthbertson factors, namely, whether the Crim.R. 11 plea hearing sufficiently revealed that Appellant understood the nature of the charges against him. Appellant concludes that the reasons he gave for withdrawing his plea should have compelled the trial court to sustain his motion to withdraw the plea, despite the thoroughness of the plea colloquy.
 {¶ 14} Appellee argues in rebuttal that Appellant had a full plea hearing, was represented by counsel, acknowledged that he understood everything at the hearing, and never maintained that he was innocent of the charges or had a defense to the charges. Appellee also argues that, assuming there was a promise to have the domestic violence charge dropped, the state fulfilled its part of the bargain because the domestic violence charges were dropped. Appellee argues that Appellant could not have been prejudiced because he had to go to court to get the charges dropped. Based on the record herein, Appellant's arguments are not persuasive.
 {¶ 15} Crim.R. 32.1 allows a criminal defendant to request the withdrawal of a guilty plea prior to sentencing. "A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Xie, supra, 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph one of the syllabus. "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Id. at paragraph two of the syllabus.
 {¶ 16} In Xie, the Supreme Court further elaborated on the trial court's discretionary power over a presentence motion to withdraw a guilty plea:
 {¶ 17} "`Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *'" (Citations omitted.) Id. at 526, quoting Barker v. United States (C.A.10, 1978), 579 F.2d 1219, 1223.
 {¶ 18} An abuse of discretion is more than an error of judgment; it implies a decision that is unreasonable, arbitrary, or unconscionable. Id. at 527, 584 N.E.2d 715.
 {¶ 19} The Cuthbertson factors cited by Appellant only present some of the possible issues a trial court may consider when ruling on a motion to withdraw a plea. Cuthbertson, supra, 139 Ohio App.3d at 898,746 N.E.2d 197. Appellant is correct that, "[l]ack of prejudice to the state is said to be one of the most important factors." Id. at 899, citing State v. Fish (1995), 104 Ohio App.3d 236, 239-240, 661 N.E.2d 788. Nevertheless, it is only one factor to be considered. There is scarcely any other evidence of record, besides lack of prejudice to the state, supporting Appellant's motion to withdraw his plea.
 {¶ 20} The record does not reflect Appellant's contention that he filed his motion to withdraw the plea nine days before sentencing. A Journal Entry dated June 18, 2001, states: "[d]efendant requests leave to file Motion to Withdraw Guilty Plea today." June 18, 2001, was the original date of the sentencing hearing. Therefore, Appellant's motion appears to be a last minute request to the court immediately prior to sentencing.
 {¶ 21} The following is clear from the record: Appellant was represented by counsel at all times; there was an extensive Crim.R. 11 plea hearing and a thorough hearing on the motion to withdraw; Appellant never expressed any question or confusion during the plea hearing; and Appellant never alleged he was innocent of the charges or had a legitimate defense.
 {¶ 22} There may be an indication in the plea hearing transcript to substantiate some of Appellant's allegations:
 {¶ 23} "THE COURT: Are you able to read and write well enough to understand the written petition to enter a plea of guilty?
 {¶ 24} "THE DEFENDANT: My lawyer did, yes.
 {¶ 25} "THE COURT: Did he explain it to you adequately?
 {¶ 26} "THE DEFENDANT: Yes." (5/29/01 Tr., 3).
 {¶ 27} Appellant's oblique response did not actually answer the trial court's question as to whether he could read and write, which may have indicated that he could not. There is some question, though, as to Appellant's credibility as to whether he could read and write. Appellant testified at the plea hearing that he had a seventh grade education, implying at least some ability. (5/29/01 Tr., 3).
 {¶ 28} Appellant's argument at the hearing on the motion to withdraw, though, was not about a general inability to read the plea agreement. His argument was that he relied on his attorney's explanation that certain charges pending in another court would also be dropped if he signed the plea agreement. There is nothing in the plea agreement itself about these other charges, and there was no discussion about them at the May 29, 2001, plea hearing. Assuming arguendo that Appellant is correct about a promise to get unrelated domestic violence charges dropped, Appellant's own testimony demonstrates that the charges were dismissed:
 {¶ 29} "A. [Appellant]: I had to go to court on that and they dropped them on their own, yeah.
 {¶ 30} "Q. [by the prosecutor]: Do you understand that the victim is not allowed to drop [domestic violence] charges on their own; it has to be dropped by the State of Ohio?
 {¶ 31} "A. No, I wasn't. I mean, I don't know.
 {¶ 32} "Q. So you weren't convicted of domestic violence?
 {¶ 33} "A. No.
 {¶ 34} "Q. And those charges were dismissed?
 {¶ 35} "A. Yes.
 {¶ 36} "Q. Just like the State said they would do?
 {¶ 37} "A. He said 45 days if no contact, they would dismiss the charges.
 {¶ 38} "Q. But the charges are dismissed?
 {¶ 39} "A. Yes, ma'am." (7/23/01 Tr., 5).
 {¶ 40} Therefore, Appellant's sole stated reason for withdrawing his plea is not supported by the record.
 {¶ 41} It would appear that the only remaining reason Appellant posits in support of his motion to withdraw his plea is that Appellee did not expressly allege that the state would be prejudiced by the withdrawal.
 {¶ 42} Cuthbertson does not stand for the proposition that a criminal defendant's presentence motion to withdraw a plea must be granted if the state fails to allege prejudice. It does stand for the proposition that, "[a]bsent any showing of some other real prejudice to the state which occurred solely as a result of entering into a plea bargain, as here, the potential harm to the state in vacating the plea is slight, * * *".Cuthbertson, supra, 139 Ohio App.3d at 900, 746 N.E.2d 197. As earlier stated, prejudice or lack of prejudice to the state is only one factor to consider in determining whether to allow a defendant to withdraw a plea. In Cuthbertson, the Appellant had other factors weighing in his favor. These factors included a question as to the quality of the defendant's counsel; an allegation of a meritorious defense to the charges; and the fact that the motion to withdraw was not filed at the last minute. The defendant also presented a number of reasons for withdrawing his plea that were apparently ignored by the trial court, but which were considered on appeal. Id.
 {¶ 43} The situation in Cuthbertson is in sharp contrast to the instant case, Appellant has not provided any substantiated reasons for withdrawing his plea other than his apparent change of heart. Therefore, the trial court did not abuse its discretion in overruling a last minute motion to withdraw a guilty plea, even in light of the general rule that such motions should be freely and liberally granted. Appellant's assignment of error is overruled and the decision of the trial court is affirmed.
Vukovich, P.J., concurs.
DeGenaro, J., concurs.