[Cite as *State v. Ball*, 2012-Ohio-4678.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11-NO-386 |
| | ) | |
| CHARLES BALL, JR., | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common
                               Pleas of Noble County, Ohio
                               Case No. 219-2978-CR

JUDGMENT:                      Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee         Clifford N. Sickler
                               Kelly A. Riddle
                               Noble County Prosecuting Attorney
                               508 North Street
                               Caldwell, Ohio 43724

For Defendant-Appellant        Attorney Eric J. Allen
                               713 South Front Street
                               Columbus, Ohio 43206

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: October 2, 2012

DONOFRIO, J.

**{¶1}** Defendant-appellant Charles Ball, Jr. appeals his conviction and sentence in the Noble County Common Pleas Court for one count of aggravated trafficking in drugs and two counts of having weapons while under disability. He assigns error to the trial court decisions denying his request to withdraw his guilty pleas and sentencing him to six years in prison.

**{¶2}** On November 10, 2010, the Noble County sheriff's office, utilizing a confidential informant, made a controlled purchase of 15 and 30 milligram tablets of Oxycodone (oxycodone hydrochloride) from Ball at his mobile home residence in Cumberland, Ohio. Officers then obtained and executed a search warrant at Ball's home and recovered drugs, firearms, money, and other contraband.

**{¶3}** Thereafter, a Noble County grand jury issued indictments against Ball in two separate criminal cases. The first indictment in case number 210-2089 set forth ten counts. Count one was for aggravated trafficking in drugs, a third-degree felony, with attendant firearm and forfeiture specifications. R.C. 2925.03(A)(1)(C)(1)(c); R.C. 2941.141; R.C. 2942.1417. Count two was for aggravated trafficking in drugs, a fourth-degree felony, with attendant firearm and forfeiture specifications. R.C. 2925.03(A)(1)(C)(1)(a); R.C. 2941.141; R.C. 2942.1417. Count three was for aggravated possession of controlled substances, a second-degree felony. R.C. 2925.11(A)(C)(1)(c). Counts four, five, and six were for aggravated possession of controlled substances, fifth-degree felonies. R.C. 2925.11(A)(1)(C)(1)(a). Counts seven and eight were for possession of controlled substances, fifth-degree felonies due to Ball's previous drug convictions. R.C. 2925.11(A)(C)(2)(a). Count nine was for drug paraphernalia, a fourth-degree misdemeanor. R.C. 2925.14(C)(1)(F)(1). Count ten was for having weapons while under disability, a third-degree felony. R.C. 2923.13(A)(3)(B). The second indictment in case number 211-2010 set forth only one count against Ball – having weapons while under disability, a third-degree felony. R.C. 2923.13(A)(3)(B).

{¶4}   Ball retained counsel, pleaded not guilty to all the charges contained in both indictments, and the cases proceeded to discovery and other pretrial matters. The trial court overruled a motion to suppress filed by Ball, finding there was probable cause for issuance of the search warrant.

{¶5}   Pursuant to a negotiated plea agreement, Ball agreed to withdraw his previous pleas of not guilty and plead guilty to certain counts.  In case number 210-2089, Ball pleaded guilty to count one (aggravated trafficking in drugs) and count ten (having weapons while under disability).  In case number 211-2010, Ball pleaded guilty to the sole count in the indictment of having weapons while under disability.  In exchange, plaintiff-appellee State of Ohio agreed to recommend a four-year term of imprisonment on the condition that Ball forfeit the mobile home residence and the property on which it sat (.275 acres), including guns, surveillance equipment, and other contraband recovered during the execution of the search warrant.  Both parties agreed that Ball would keep his personal effects.

{¶6}   The trial court conducted a sentencing hearing on July 14, 2011.  The State withdrew any recommendation for sentencing due to Ball's failure to transfer the property to the State.  The State maintained that it had a bill of sale evidencing that Ball purchased the property from James Kirkbride in 2009 for $5,000.00.  The State also contended that Ball made improvements to the property, including the addition of the mobile home residence from which he sold the drugs.  Ball's attorney countered that whatever money Ball gave to Kirkbride was merely a down payment, that there was not a completed sale, and that Ball did not own the property.

{¶7}   With the parties plea agreement having fallen apart, the trial court sensed that Ball wanted to move to withdraw his plea and asked Ball's counsel if that was indeed the case.  After conferring with Ball, his counsel stated that Ball did wish to move to withdraw his plea.  After hearing arguments from both sides, the trial court denied Ball's motion.  In so doing, the trial court noted that it was not willing to concede that Ball had the inability to transfer the property to the State.  It also noted

that it is never bound by the State's sentence recommendation. The court then turned its attention to sentencing.

{¶8} The trial court sentenced Ball to a three-year term of imprisonment for each of the three offenses to which he pleaded guilty with the three-year terms for the having weapons while under disability to be served concurrently with each other but consecutively to the three-year term for aggravated trafficking in drugs for an aggregate sentence of six years in prison. This appeal followed.

{¶9} Ball raises two assignments of error. We will only address Balls' second assignment of error of error since it is dispositive of this appeal. It states:

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S REQUEST TO WITHDRAW HIS GUILTY PLEA.

{¶10} Ball argues that he agreed to a plea deal on the understanding that the prosecutor would recommend a sentence of four years in exchange for the transfer of the property. At sentencing, the State no longer recommended a sentence due to the fact that Ball did not transfer the property to the State. He argues the plea was no longer knowing and voluntary. He claims that the trial court did not give fair and full consideration to his plea withdrawal request. Ball acknowledges the court's statement that the prosecutor could only recommend a sentence, but he contends he may not have made the original agreement without such a recommendation.

{¶11} The State argues in response that Ball's plea was voluntary and, thus, he should not have been granted withdrawal of his plea. The State maintains there were no obvious errors in the representation that Ball received, nor in the judicial process Ball went through. Ball never complained of inadequate counsel and was given, in detail, the ramifications of pleading guilty by the trial court judge. The State also notes that even if they had recommended a sentence of four years, the judge was still able to use his or her discretion to impose a stricter sentence. The State contends that Ball knew the explicit terms of the deal and that he chose to wait until the day of sentencing to bring his motion to withdraw. The State argues that Ball

could have made his motion in a more timely fashion to establish that his intent to withdraw his plea was more than changing his mind at the last minute.

{¶12} Pursuant to Crim.R. 32.1, a defendant may move to withdraw his guilty plea before his sentence is imposed. This motion can be made orally at the sentencing hearing. See *State v. Glavic*, 143 Ohio App.3d 583, 588-589, 758 N.E.2d 728 (11th Dist.2001). Motions to withdraw a guilty plea before sentencing "should be freely and liberally granted." *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. At the same time, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. A defendant is only entitled to withdraw his plea when "there is a reasonable and legitimate basis for the withdrawal of the plea." Id.

{¶13} This Court has previously stated that "the factors that are weighed in considering a pre-sentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge." *State v. Cuthbertson,* 139 Ohio App.3d 895, 898-899, 746 N.E.2d 197 (7th Dist.2000). No one of these factors is conclusive. Id. at 899.

{¶14} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Reed*, 7th Dist. No. 04 MA 236, 2005-Ohio-2925, at ¶7, quoting *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph two of the syllabus. A trial court's decision "to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court," and thus will not be disturbed by a

reviewing court absent an abuse of discretion. *Xie* at paragraph two of the syllabus. The trial court abuses that discretion when its ruling is "unreasonable, arbitrary or unconscionable," which is "more than an error of judgment." Id. at 527.

**{¶15}** We turn now to an application of the factors to the case before us. There are some factors that unquestionably weigh in favor of the state. Concerning the second and third factors, Ball does not disagree that defense counsel rendered effective assistance and that the Crim.R. 11 plea hearing was adequate, and the record bears that out. At the plea hearing, Ball stated on the record that he was satisfied with his counsel's representation. The trial court also engaged Ball in a colloquy at the plea hearing that fully complied with Crim.R. 11's requirements. Ball also does not disagree that, under the eighth factor, he understood the nature of the charges and the potential sentences. The sixth factor, timing, clearly weighs in favor of the state since the motion was not made until the sentencing hearing. As does the ninth factor, since Ball has not maintained that he was perhaps not guilty or had a complete defense to the charges.

**{¶16}** One factor that clearly weighs in favor of Ball is the first – lack of prejudice. In *Cuthbertson*, this court noted that a lack of prejudice is an important factor in determining if a court's ruling on a motion to withdraw a guilty plea was inappropriate. 139 Ohio App.3d at 899, 746 N.E.2d 197 (7th Dist.2000). In this case, the State concedes that it would not be prejudiced by Ball's motion. The officers involved in this case made an audio and video recording of the controlled purchase. Therefore, the State would in no way be hampered from taking Ball to trial.

**{¶17}** The parties disagree on the fourth and fifth factors – whether the hearing on the motion to withdraw was adequate and whether the court gave full and fair consideration to the motion. The trial court's brief consideration of the motion went as follows:

> ATTY. ALLEN: Your Honor, my client indicates that he does wish to withdraw his plea.
>
> COURT: Okay, address that request.

ATTY. ALLEN: Well, I mean I think he can in sentencing for understanding that he would be sentenced to four years and now it's, you know it's going to be up to the Court which could be a much longer period of time in terms of allowing the Defendant to withdraw his plea prior to any sentencing the Court should liberally grant for any good reason or good cause shown. Certainly if there was, he believed one thing at the time he made the plea bargain and then that changes prior to sentencing that would seem to be good cause to allow him to withdraw his plea.

COURT: Mr. Sickler.

ATTY. SICKLER: It's our, the State's position that Mr. Ball would promise anything in order to secure the plea to the F-3 so, there was one F-2. As an accommodation to Mr. Ball we did not pursue. He willingly plead to the two F-3's. We're ready to have him sentenced and then we'll deal with Mr. Kirkbride on our own. The fact as part of that accommodation Mr. Ball was permitted to go out on ankle bracelet arrest, has been doing this and then when it comes time to transfer these deeds there's some kind of communication between he and Mr. Kirkbride. That's our position and this is a modest lot, it's not of significant value but it was part of the negotiated plea and we intend to pursue the property against Mr. Kirkbride in one fashion or another. He's either involved in some, he's complicit in some event with Mr. Ball or has some other part that we're not aware of. But we would like to see sentencing continue for today.

COURT: Well, I'm going to overrule the motion to withdraw the plea. It seems to me that what we've got here, the situation where, well I guess I don't know what went on either. But, as I understand it the State was willing to make some sort of a recommendation to the Court in exchange for some activity on the part

of the Defendant, and apparently the Defendant has led the State to believe that he had the ability to convey this property to the State and now through what would appear to be, at least to the Court, that I'm not willing to concede that the Defendant has the inability to do so. It sounds to me that there's an ongoing relationship of some sort between this Defendant and the owner of the land and now we've got the technical problem with the owner of the land may not be willing to cooperate any more, and why that's happened I don't know. But be that as it may, you know, I am going to, as I say, overrule the motion because all the State had the ability to do in the first place was to make a recommendation. This Court never promised a sentence [sic] anybody. And, as I say, the State now says it's unable to go forward with the recommendation because the Defendant hasn't been able to comply with the representation that he made. And, I guess that's to [sic] bad, but we're going to proceed. You may speak now to mitigation Mr. Allen.

(Sentencing Hearing Tr. 4-6.)

**{¶18}** As this colloquy demonstrates, the extent of the plea withdrawal hearing was inadequate as was the consideration given to the motion. None of the factors listed in *Cuthbertson* were given any consideration. The focus seemed to be on whether Ball could legally transfer the property. The trial court's own observation that "I guess I don't know what went on either" reflected the need for a more extensive hearing and further consideration of the motion.

**{¶19}** The seventh factor – the reason for the plea withdrawal – is fairly clear in this case. Without the State's four-year recommendation, Ball did not want to maintain his guilty pleas. This was more than a mere change of heart since there was a material change of fact or circumstance that had occurred since the plea hearing – the property was not transferred to the State.

**{¶20}** In conclusion, the important factor of lack of prejudice weighs in Ball's favor. Officers made an audio and video recording of the controlled purchase of drugs from Ball's home, and the State concedes a lack of prejudice. Moreover, the inadequate hearing on the motion to withdraw coupled with the trial court's failure to fully consider the motion raise important due process concerns. This case represents the situation where a plea agreement falls apart at the last minute due to a material change in circumstances. Due to the inadequacy of the hearing and a lack of consideration given to factors like those set out in *Cuthbertson*, this court is unable to ascertain exactly where the fault lies in that material change in circumstances. Keeping in mind that this was a presentence motion to withdraw and cast in the light of the Ohio Supreme Court's declaration that such motions should be freely and liberally granted, the trial court's decision amounted to an abuse of discretion.

**{¶21}** Accordingly, Ball's second assignment of error has merit.

**{¶22}** Ball's first assignment of error concerning his sentence is rendered moot by our disposition of Ball's second assignment of error. App.R. 12(A)(1)(c).

**{¶23}** The judgment of the trial court is hereby reversed and this case is remanded with instructions to the trial court to allow Ball to withdraw his guilty pleas.

Vukovich, J., concurs.

DeGenaro, J., concurs.