[Cite as *State v. Bailey*, 2013-Ohio-2852.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2012 CA 00183 |
| MATTHEW W. BAILEY | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No. 2012 CR 00459(A)


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    June 28, 2013


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
RENEE M. WATSON
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

EUGENE O'BYRNE
101 Central Plaza South
Canton, Ohio 44702

*Wise, P. J.*

{¶1}   Appellant Matthew W. Bailey appeals the decision of the Stark County Court of Common Pleas denying his motion to withdraw his guilty pleas.

{¶2}   Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3}   On April 24, 2012, Appellant, Matthew W. Bailey, was indicted by the Stark County Grand Jury on one count of Felonious Assault, in violation of R.C. §2903.11(A)(2), a second degree felony with a firearm specification pursuant to R.C. §2941.145; one count of Illegal Cultivation of Marijuana, in violation of R.C. §2925.04(A)(C)(5)(D), a second degree felony; and four counts of Endangering Children, in violation of R.C. §2919.22(B)(6), third degree felonies.

{¶4}   These charges arose out of an incident which occurred on March 3, 2012. Two co-defendants, Jessica Brown and Rhonda Bailey were also charged as result of the events which occurred on March 3, 2012.[1]

{¶5}   On July 17, 2012, Appellant changed his plea to guilty to all indicted charges.  The trial court ordered a presentence investigation and set sentencing for August 13, 2012.

{¶6}   Appellant subsequently hired new counsel and on August 10, 2012, Appellant filed a Motion to Withdraw Plea with the trial court. In said motion, Appellant argued that he should be permitted to withdraw his pleas because he did not have the benefit of his own independent legal counsel when he entered his pleas and allegedly did not understand the ramifications of his pleas.

---

[1]   For purposes of this appeal, this Court finds that a recitation of the facts is unnecessary.

{¶7} The presentence investigation hearing was continued from August 13, 2012 to August 20, 2012. The trial court then scheduled the presentence investigation hearing to August 27, 2012, and also set hearing on Appellant's Motion to Withdraw for the same day.

{¶8} On August 27, 2012, the trial court held a hearing on Appellant's motion to withdraw guilty pleas. During the hearing, counsel for Appellant advised the trial court that Appellant had no issues with Attorney Pitinii's representation, that he had done nothing to jeopardize Appellant's rights and that "everything was fine" in regard to their attorney-client relationship. (T. 3-8). Appellant, through counsel, argued that while Appellant was not challenging the drug charges, he did want to challenge the charge of felonious assault with a firearm, arguing that he should have been charged with using weapons while intoxicated instead. *Id.*

{¶9} Before taking the matter under advisement, the trial court pointed out that using weapons while intoxicated is not a lesser included offense to felonious assault with a firearm. Appellant acknowledged and agreed with the trial court. (T. at 13-14).

{¶10} By Judgment Entry filed August 30, 2012, the trial court overruled Appellant's Motion to Withdraw Plea.

{¶11} The trial court sentenced Appellant to four (4) years on the felonious assault charge, with three years to be served consecutive and prior to any other sentence for the firearm specification. Appellant was sentenced to four (4) years on the illegal cultivation of marijuana charge to be run concurrent with the felonious assault sentence. On the child endangering charges, Appellant was sentenced to twelve

months for each count to be served concurrent with the drug charge, but consecutive to the felonious assault charge, for an aggregate sentence of eight (8) years in prison

{¶12} Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶13} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING APPELLANT TO WITHDRAW HIS PLEA UPON HIS MOTION PRIOR TO SENTENCING."

## I.

{¶14} In his sole Assignment of Error, Appellant argues the trial court erred in denying his pre-sentence motion to withdraw his guilty pleas. We disagree.

{¶15} Crim.R. 32.1, which governs the withdrawal of a guilty plea, provides:

{¶16} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶17} This rule establishes a fairly strict standard for deciding a post-sentence motion to withdraw a guilty plea, but provides no guidelines for deciding a presentence motion. *State v. Xie,* 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992).

{¶18} The Ohio Supreme Court has stated pre-sentence motions to withdraw a guilty plea "should be freely and liberally granted." *Id.* at 584, 584 N.E.2d 715. That does not mean, however, a defendant has an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. There must be "a reasonable

and legitimate basis for withdrawal of the plea." *Id.* The decision to grant or deny a pre-sentence plea withdrawal motion is within the trial court's sound discretion. *Id.*

{¶19} The factors to be considered when making a decision on a motion to withdraw a guilty plea are as follows: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Cuthbertson,* 139 Ohio App.3d 895, 898–899, 746 N.E.2d 197 (7th Dist.2000), citing *State v. Fish,* 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995). No one *Fish* factor is absolutely conclusive. *Cuthbertson, supra.*

{¶20} The trial court in this matter announced its decision on Appellant's motion on August 30, 2012, prior to sentencing. The trial court stated that it had given Appellant's motion full consideration and found that he was represented by highly competent counsel during his plea hearing and had been given a full Crim.R. 11 hearing prior to the court's acceptance of his guilty pleas. Next, the trial court noted it had reviewed the transcript of Appellant's plea hearing and found he understood the nature of the charges and the possible penalties when he entered his pleas. Finally, the court stated that there was no question as to Appellant's guilt on the marijuana and child endangering charges, and even if Appellant believed he had a defense to the charge of felonious assault, that issue had previously been brought to the attention of the court and discussed when Appellant was represented by former counsel. The trial court

concluded by remarking that there was no pressure on Appellant to plead to the charges, and that he had been afforded at least six (6) pre-trials prior to his decision to enter his guilty pleas.

**{¶21}** Based upon the above, we do not find the trial court abused its discretion in denying Appellant's motion to withdraw his pleas.

**{¶22}** Appellant's sole Assignment of Error is overruled.

**{¶23}** For the foregoing reasons, the decision of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By: Wise, P. J.

Baldwin, J., and

Delaney, J., concur

_____

_____

_____

                                          JUDGES

JWW/d 0614

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                      :
                                                   :
    Plaintiff-Appellee                         :
                                                   :
-vs-                                               :                JUDGMENT ENTRY
                                                   :
MATTHEW W. BAILEY                                  :
                                                   :
    Defendant-Appellant                        :                Case No. 2012 CA 00183


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to Appellant.


                                _____


                                _____


                                _____
                                           JUDGES