[Cite as *State v. Snyder*, 2018-Ohio-5168.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ROBERT E. SNYDER, JR., | : | Case No. CT2017-0090 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2017-0175

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    December 18, 2018

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

D. MICHAEL HADDOX                ROGER SOROKA
Prosecuting Attorney                    JOSHUA BEDTELYON
Muskingum County                       AARON JONES
                                        Soroka and Associates, LLC
By: GERALD V. ANDERSON II        503 South Front Street, Suite 205
Assistant Prosecuting Attorney    Columbus, Ohio 43215
27 North Fifth St., P.O. Box 189
Zanesville, Ohio  43702-0189

*Baldwin, J.*

{¶1} Defendant-appellant Robert E. Snyder, Jr. appeals from the November 20, 2017 Decision of the Muskingum County Court of Common Pleas denying his Motion to Withdraw his no contest plea. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On May 11, 2017, the Muskingum County Grand Jury indicted appellant on one count of attempted illegal use of a minor in nudity oriented material or performance in violation of R.C. 2907.323(A)(1) and R.C. 2923.02(A), a felony of the third degree, and three counts rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree. At his arraignment on May 17, 2017, appellant entered a plea of not guilty to the charges.

{¶3} On September 13, 2017, appellant withdrew his former not guilty plea and entered a plea of no contest to attempted illegal use of a minor in nudity oriented material or performance and to two amended counts of rape. The rape counts were amended to being in violation of R.C. 2907.02(A)(2). The trial court found appellant guilty of the counts. Appellee agreed to dismiss the remaining count of rape at the time of sentencing.

{¶4} Prior to sentencing, appellant, on October 2, 2017, filed a Motion to Withdraw Plea pursuant to Crim.R. 32.1. Appellant, in his motion, argued that he had retained new counsel on September 21, 2017 and that he "either misunderstood, or was improperly advised, by prior counsel as to possible penalties he faced and his ability to successfully argue his defenses." He further alleged that he had been told by prior counsel that he had no chance to win at trial and that counsel would not call the witnesses that appellant had requested.

{¶5}  Appellee filed a brief in opposition to the motion on October 12, 2017 and appellant filed a reply on October 23, 2017.

{¶6}  A hearing on appellants' motion was held on October 30, 2017. Pursuant to a Decision filed on November 20, 2017, the trial court denied appellant's motion.

{¶7}  Thereafter, on November 20, 2017, the trial court sentenced appellant to an aggregate sentence of twenty (20) years in prison. The remaining rape count was dismissed on November 21, 2017.

{¶8}  Appellant now raises the following assignment of error on appeal:

{¶9}  "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW PLEA."

I

{¶10}  Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Withdraw Plea. We disagree.

{¶11}  As is stated above, appellant's motion was filed prior to sentencing.

{¶12}  Crim. R. 32.1 governs motions to withdraw guilty pleas and provides in pertinent part: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, however; a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *State v. Hamilton*, 5th Dist. Muskingum No. CT2008-0011, 2008-Ohio-6328, ¶ 32, *citing State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), at paragraph one of the syllabus.

**{¶13}** The trial court's decision to grant or deny a motion to withdraw a guilty plea is vested within the sound discretion of the court, and will not be reversed by an appellate court unless the trial court abused its discretion. *Xie,* paragraph two of the syllabus. An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *State v. Firouzmandi*, 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823, ¶ 54.

**{¶14}** Although the general rule is that motions to withdraw guilty pleas before sentence are to be freely given and treated with liberality, the right to withdraw a plea is not absolute. *State v. Keiner,* 5th Dist. Holmes No. 15CA016, 2016–Ohio–3294, ¶ 17 citing *State v. Xie,* 62 Ohio St.3d 521, 584 N.E.2d 715 (1992). After a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea, the decision to grant or deny a pre-sentence motion to withdraw guilty plea is within the sound discretion of the trial court. *Id.* Some factors a trial court may consider when making a decision on a motion to withdraw a guilty plea are: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Gilmore,* 5th Dist. Perry No. 15CA00017, 2016–Ohio–2654, ¶ 14 citing *State v. Cuthbertson,* 139 Ohio App.3d 895, 898–899, 746 N.E.2d 197 (7th Dist. 2000), citing *State v. Fish,* 104 Ohio

App.3d 236, 661 N.E.2d 788 (1st Dist.1995). No one *Fish* factor is absolutely conclusive. *Cuthbertson, supra.*

{¶15} In the case sub judice, appellant's motion was filed nineteen days after he entered his no contest plea. A review of the transcript from the October 30, 2017 plea hearing demonstrates that the trial court engaged appellant in a thorough Crim.R. 11 colloquy before accepting appellant's plea. We note that appellant stated prior to entering his plea he was satisfied with the representation of his counsel.

{¶16} At the hearing on appellant's Motion to Withdraw, appellant's counsel indicated that appellant maintained that he was innocent. The trial court asked appellant's counsel if he had any proof that appellant's prior trial counsel had told appellant that he could not go to trial and that he would not call any witnesses on appellant's behalf. When appellant's counsel responded "Simply the words of my client", the trial court stated, in relevant part, as follows:

{¶17} THE COURT: Okay. Because Mr. McVay [appellant's prior counsel] has appeared in this court numerous times.

{¶18} MR. BEDTELYON: Sure.

{¶19} THE COURT: Also, the prosecutor has cases with him. He's been appointed in cases in counties clear across this entire state. He recently was just appointed to a quadruple homicide down in Lawrence County as a State Public Defender. He's a very competent and excellent attorney. To say he would look at somebody and say you can't call witnesses is not him.

{¶20} MR. BEDTELYON: And I - - and I - -

**{¶21}** THE COURT:  I've known him for a long time, and he would not say that. He would tell them the truth and give them his advice.  But if they want to go to trial, he'll go to trial.  He's taken impossible cases to trial.  I know he has.

**{¶22}** MR. BEDTELYON:  And I - - I - -

**{¶23}** THE COURT:  I asked your client, do you understand what you've been charged with and any possible defenses you may have, and he said yes.  Now you're telling me that that's not true.

**{¶24}** Transcript from October 30, 2017 hearing at 8-9. Trial counsel further indicated to the trial court that appellant did not have any affirmative defenses, but was just proclaiming his innocence. The trial court noted that appellant had the chance to say at his plea hearing that he was innocent and that the State was prejudiced since "[t]hey were ready to go trial. This was like a day or two before the trial was coming up." Transcript at from October 30, 2017 hearing at 11.

**{¶25}** Subsequently, on November 20, 2017, the trial court stated, in part,  as follows on the record:

**{¶26}**  The Defendant's motion is based upon, quote, improperly advising that his sentence would be 78 to life, zero chance to win, his witnesses would not be called.  No evidence of these statements was presented, only hearsay allegations of the Defendant's interpretation of what may have been said.  As far as what allegedly was said, the fact that the Defendant was facing up to 78 to life must be conveyed as it is the maximum penalty.  Should an attorney, after getting discovery and investigating the case, feel his case is not winnable, he or she should give their opinion to the Defendant.

**{¶27}** Potential comments of the prior attorney with respect to witnesses may have been premised upon the rules of testimony and - - and inadmissibility or the possible witnesses being effective - - ineffective or harmful to the Defense.

**{¶28}** I don't know what was said in these attorney-client conversations, but I do know when I asked the Defendant if he was satisfied with the advice and help that Mr. McKay has given you, the Defendant stated yes.

**{¶29}** The court cannot find there to be a reasonable and legitimate basis to withdraw the plea entered by counsel - - advice of counsel who had discovery, invested the time, energy, and resources to investigate the case; brought by attorneys who have not had the same with - - without additional proof as to why the plea should be withdrawn. Therefore, the motion to withdraw is denied.

**{¶30}** Transcript of November 20, 2017 hearing at 5-6.

**{¶31}** Based on the foregoing, we find that the trial court did not abuse its discretion in denying appellant's motion. The trial court's decision was not arbitrary, unreasonable or unconscionable.

**{¶32}** Appellant's sole assignment of error is, therefore, overruled.

{¶33} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.