[Cite as *State v. Purvis*, 2020-Ohio-788.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| LARELL PURVIS | : | Case No. 2019CA00093 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
Pleas, Case No. 2019CR0668

JUDGMENT:                                          Affirmed

DATE OF JUDGMENT:                           March 2, 2020

APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

JOHN D. FERRERO                              KRISTINA R. POWERS
PROSECUTING ATTORNEY                 201 Cleveland Avenue SW
STARK COUNTY, OHIO                        Suite 104
                                                             Canton, OH  44702

  By:  KRISTINE W. BEARD
        110 Central Plaza South – Suite 510
        Canton, OH  44702

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Larell Purvis appeals the trial court's denial of his oral motion to withdraw his plea prior to sentencing. Plaintiff-appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In May 1994, Purvis was convicted of a sexually oriented offense in California. As a result, he was classified as a habitual sex offender and is required to register his residence with the sheriff of the county in which he resides.

{¶ 3}   At some point Purvis moved to Stark County, Ohio and registered his address on Lake Blvd. N.W, a residence he shared with Denise Johnson. On March 27, 2019, law enforcement officials discovered Purvis had moved from the Lake Blvd. N.W address sometime near the end of March. Purvis was located and arrested on April 4, 2019.

{¶ 4}   On April 10, 2019, the Stark County Grand Jury returned an indictment charging Purvis with one count of notice of change of address; registration of new address in violation of R.C. 2950.05(A)(E)(1), 2950.99(A), a felony of the third degree. The indictment fixed the time of the offense as a continuous course of conduct from on or about the first day of March 2019, to on or about the 10th day of April, 2019, and alleged that Purvis was a person required to notify the Stark County Sheriff of an address change and had failed to do so at least 20 days prior to changing his address.

{¶ 5}   Purvis pled not guilty to the charge and filed demands for discovery and for a bill of particulars. The state filed its bill of particulars and response to Purvis' request for discovery on April 16, 2019. The bill of particulars alleged the same dates as the indictment, and the discovery listed Denise Johnson as a potential witness in the matter.

{¶ 6} On April 30, 2019, an investigator from the public defender's office spoke to Johnson. Johnson told the investigator Purvis left her home sometime in March.

{¶ 7} On May 1, 2019, Purvis, represented by a member of the office of the public defender, entered a plea of guilty to the amended charge of notice of change of address; registration of new address in violation of R.C. 2950.05(A)(E)(1), 2950.99(A), a felony of the fifth degree. The trial court deferred sentencing in order to obtain a presentence investigation.

{¶ 8} A sentencing hearing was held on May 29, 2019. The trial court indicated the presentence investigation revealed Purvis had a parole holder for possible extradition to California based on violations of his probation. Thereafter, counsel for Purvis moved the court to permit Purvis to withdraw his guilty plea, alleging that per the dates alleged in the indictment, and the investigator's discussion with Johnson on April 30, Purvis was only out of compliance for five days, thus giving him two more days within which to register his new address before he was arrested. The state countered that counsel was in possession of this information of April 30, and Purvis pled on May 1. The trial court found insufficient grounds for Purvis to withdraw his plea and denied the motion. Purvis was thereafter sentenced to 8 months incarceration.

{¶ 9} Purvis filed an appeal and the matter is now before this court for consideration. He raises one assignment of error:

I

{¶ 10} "THE TRIAL COURT ERRED BY FAILING TO ALLOW THE APPELLANT TO WITHDRAW HIS PLEA."

{¶ 11} In his sole assignment of error, Purvis argues the trial court abused its discretion by denying his motion to withdraw his guilty plea, and by failing to hold a hearing on the same. We disagree.

{¶ 12} Crim.R. 32.1, which governs the withdrawal of a guilty plea, provides:

{¶ 13} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 14} While the rule establishes a fairly strict standard for deciding a post-sentence motion to withdraw a guilty plea, it provides no guidelines for deciding a presentence motion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992).

{¶ 15} The Ohio Supreme Court has stated pre-sentence motions to withdraw a guilty plea "should be freely and liberally granted." *Id.* at 584, 584 N.E.2d 715. That does not mean, however, a defendant has an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. There must be "a reasonable and legitimate basis for withdrawal of the plea." *Id.* The decision to grant or deny a pre-sentence plea withdrawal motion is within the trial court's sound discretion. *Id.*

{¶ 16} "A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at paragraph one of the syllabus. The factors to be considered when making a decision on a motion to withdraw a guilty plea are as follows: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of

the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Cuthbertson*, 139 Ohio App.3d 895, 898-899, 746 N.E.2d 197 (7th Dist.2000), citing *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995). No one *Fish* factor is absolutely conclusive. *Cuthbertson*, supra.

{¶ 17} Purvis first accuses the trial court of failing to conduct a hearing on his oral motion to withdraw his plea. However, neither a full hearing nor a separate hearing is required. As we stated in *State v. Aleshire*, 5th Dist. Licking No. 2011-CA-73, 2012-Ohio-16 at ¶ 31:

> * * * [T]he scope of the hearing upon a defendant's motion to withdraw his or her previously entered negotiated guilty plea is within the trial court's discretion. *State v. Wright* (June 19, 1995), Highland App. No. 94CA853; *State v. Davis*, Lawrence App. No. 05CA9, 2005–Ohio–5015. "Accordingly, the scope of the hearing should reflect the substantive merits of the motion." *Id.*, citing *State v. Smith* (Dec. 10, 1992), Cuyahoga App. No. 61464. "The motion to withdraw the plea must, at a minimum, make a prima facie showing of merit before the trial court need devote considerable time to it. This approach strikes a fair balance between fairness to the accused and the preservation of judicial resources." Wright, supra. "Bold assertions without evidentiary support simply should not merit the

type of scrutiny that substantiated allegations would merit." *Smith*,

supra.

{¶ 18} Here, following Purvis' oral motion to withdraw his plea, the trial court took a break to hear other matters before it that day, providing Purvis with an opportunity to prepare any supplemental arguments " * * * for purposes of your hearing on the request to withdraw your plea." T. 5. Given the motion's lack of merit, discussed below, we find the trial court allocated adequate time to the motion.

{¶ 19} In support of the motion to withdraw his plea, counsel for Purvis cited her investigator's conversation with Johnson, and stated "[S]he stated my client had been gone since * * * the end of March. And if he was gone at the end of March, it's possible that he was only out of compliance for five days, which means he would still have two more days to register."

{¶ 20} In response to counsel's characterization of Johnson's statement to the investigator as "new evidence" the state countered that the investigator spoke with Johnson on April 30, 2019, and Purvis pled guilty on May 1, 2019, putting Purvis in possession of the statement before he pled. T. 7-8. The trial court then denied the motion, finding Purvis was in possession of the information when he pled, and further, that the information from Johnson as to when Purvis left her home was included within the time frame set forth in the indictment. T. 8. Counsel for Purvis then advised the trial court that the transcript of Johnson's statement to the investigator was not in her possession until after Purvis pled. The trial court indicated its ruling remained unchanged. T. 8-9.

{¶ 21} Turning to the *Fish* factors, the transcript of the plea hearing has not been made part of the record. We therefore must presume the regularity of the hearing including the Crim.R. 11 plea colloquy, and Purvis' understanding of the nature of the charges and the potential penalties. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶ 22} We further find Purvis was represented by experienced and competent counsel as he makes no argument to the contrary. As discussed above, we find the trial court provided Purvis an adequate hearing on his motion to withdraw, and gave the motion to withdraw full and fair consideration. We also note that Purvis did not request further hearing on the matter.

{¶ 23} As for the remaining factors, while we find there would have been no discernable prejudice to the state, the reasons given for the motion do not appear to support a conclusion that Purvis had a defense to the charge nor that he was possibly not guilty of the charge. Purvis was charged with failing to register a change of address as required under R.C. 2950.05(A) and R.C. 2950.05(A)(E)(1). Per these sections, a change of address includes any circumstance in which the previous address for the offender in question is no longer accurate, regardless of whether a new address has been acquired. Purvis argues that he had additional time to report a new address, however, pursuant to the statute, he was required to register a change of address *twenty days prior* to the address change. In an instance where prior notification is impossible, then Purvis was required to register his departure from the previous address by the end of the next business day.

{¶ 24} Our review of the transcript of the conversation between the public defender's office investigator and Johnson reveals that Johnson was uncertain of the time frame involved. She knew, however, that Purvis lived with her in February, and left "probably sometime in March." Appellant's appendix 20. Thereafter, she permitted Purvis to sleep at her home "just here and there." *Id.* 22. Johnson further indicated the "here and there" arrangement continued for a while before Purvis finally came and retrieved his belongings, which was a month before she spoke with the investigator on April 30, 2019. *Id.* 24. Thus even given her uncertainty, Johnson's statement confirms Purvis failed to register a new address as required.

{¶ 25} For the foregoing reasons, we find no abuse of discretion in the trial court's denial of Purvis' motion to withdraw his guilty plea.

{¶ 26} The sole assignment of error is overruled. The judgment of the Stark County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Gwin, J. concur.

EEW/rw