[Cite as *State v. Bateman*, 2013-Ohio-4235.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee             :            C.A. CASE NO.    2012 CA 29

v.                                     :            T.C. NO.    11CR675

CHARLES BATEMAN                        :            (Criminal appeal from
                                                    Common Pleas Court)

    Defendant-Appellant            :

                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____27th____ day of ____September____, 2013.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

CHRIS BECK, Atty. Reg. No. 0081844, 1626 Westbrook Drive, Beavercreek, Ohio 45434
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Charles Bateman,

filed April 17, 2012. Bateman appeals from his March 23, 2012 judgment entry of conviction, following a plea of guilty, to one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree. Bateman received an eight month sentence.

{¶ 2} The events giving rise to this matter began on October 1, 2010, when, in the course of a traffic stop of Bateman's vehicle, Springfield police officers observed a baggy of drugs that tested positive for cocaine. The officers also recovered a cell phone from the vehicle which Bateman acknowledged was his, and it tested positive for cocaine as well. An initial indictment against Bateman was dismissed, and he was subsequently indicted for the same offense on September 26, 2011. After initially pleading not guilty, he waived his right to trial and entered a plea of guilty to the charged offense.

{¶ 3} At his sentencing hearing, Bateman, who was represented by an assistant public defender, asked to withdraw his plea of guilty. The following exchange occurred:

> THE COURT: Mr. Bateman, you requested the Court to withdraw your guilty plea?
>
> DEFENDANT: Yes, Your Honor. I want to withdraw my plea.
>
> THE COURT: Based on what, sir?
>
> DEFENDANT: On the circumstances that I want to hire my own attorney.
>
> THE COURT: No. What is the reason you want to withdraw your plea?
>
> DEFENDANT: Plead not guilty.
>
> THE COURT: No. Why do you want to withdraw your plea, sir?
>
> DEFENDANT: To hire my own attorney.

THE COURT: Well, that's something you should have done before you entered the plea.

* * *

THE COURT: I want to know what grounds you have to withdraw your plea.

* * *

THE COURT: There has to be a reason, some justification for the Court to allow you to withdraw the plea. I want to know why you wish to withdraw your plea. It has to be something besides now you decided to hire your own attorney.

* * *

THE COURT: * * * What is your reason for wanting the Court to allow you to withdraw the plea?

DEFENDANT: Because I don't feel - - I feel I wasn't represented to my - - the best of my - - I wasn't represented right to the best of my ability, and I just need the time - -

THE COURT: Based upon what, sir, do you have that feeling?

* * *

DEFENDANT: Because the things that were said against me and everything is not true.

THE COURT: Well, what was said against you?

DEFENDANT: Basically saying it's my stuff; and it is not my stuff,

Your Honor.

THE COURT: Well, your attorney didn't say it was your stuff.   You said it was your stuff when I got the plea from you.

* * *

THE COURT: Sir, you're saying that you want someone else to represent you because it was said that it was your stuff, but it's not your stuff.

DEFENDANT: Yes, I want to take it to trial.

THE COURT: Well, we were here to take it to trial.   In fact, we had a jury in the courtroom; and you decided to take your plea at that time.

DEFENDANT: * * * I'm not represented to my best, and it's not my stuff.   So I'm ready to hire an attorney.

THE COURT: You understand that you were not charged with owning the stuff.   You were simply charged with possessing it; it was in your control.

DEFENDANT: Yes.

* * *

THE COURT: Well, I'm sorry, sir.   You've not given me sufficient grounds to allow you to withdraw your plea.

{¶ 4}     Finally, the trial court noted:

* * * this case has been pending for some time with having a public defender.   You're never requested until today to have this attorney taken off your case and hire your own attorney.   We're at the disposition now, and I

don't believe that request is timely made. One would be ineffective assistance of counsel; and based upon what I know about the record of this case, there has not been ineffective assistance of counsel.

{¶ 5}   We note that initially, appointed appellate counsel for Bateman filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that no arguably meritorious issues existed for purposes of appeal. Counsel for Bateman identified two potentially meritorious issues for appeal, and this Court, after thoroughly reviewing the entire record, concluded that the potential errors were not wholly frivolous. This Court set aside the *Anders* brief and appointed new counsel to represent Bateman.

{¶ 6}   Bateman asserts two assignments of error herein. We will first consider his second assigned error. It is as follows:

"APPELLANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO ARGUE APPELLANT'S RIGHT TO A SPEEDY TRIAL."

{¶ 7}   In *State v. Barnett*, 73 Ohio App.3d 244, 247, 596 N.E.2d 1101 (2d Dist. 1991), the trial court considered a motion by Barnett to withdraw his guilty plea to a felony at sentencing and denied his request, noting in part, "'Your rights were explained to you. You admitted you did these things and you pled guilty, and I don't think there's any merit to allowing you to withdraw your plea.'" On appeal, Barnett asserted in part that his counsel's failure to seek discharge for lack of a speedy trial, pursuant to R.C. 2945.73, constituted ineffective assistance of counsel, and that he was prejudiced thereby. *Id*., 248. This Court

noted as follows:

In determining whether counsel was constitutionally ineffective, the central issue in any case is whether an accused had a fair trial and substantial justice was done. * * * An accused is denied his right to a fair trial if his counsel fails to play the role necessary to ensure that the accused enjoys the benefits of the adversarial process which the law affords him for testing the charges brought by the state. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

A plea of guilty constitutes a complete admission of guilt. Crim.R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." * ** The plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. * * *

When a defendant enters a plea of guilty as part of a plea bargain he waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. * * * "A failure by counsel to provide advice [which impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve the predicate for setting aside a valid plea." * * *

On the basis of the foregoing, it is clear that a plea of guilty waives

the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary. *Id*., 248-49.

**{¶ 8}** Regarding Barnett's assertion that defense counsel's failure to seek discharge constituted ineffective assistance, this Court concluded:

Prejudice to a substantial right of an accused is a necessary element of constitutionally ineffective counsel. * * * The right to discharge is generally waived by a plea of guilty. * * * Appellant's guilty plea thus relinquished any basis on which to show prejudice by reason of the defect complained of, except to the extent that it impaired a knowing and voluntary waiver of his trial rights. Those rights include the privilege against compelled self-incrimination, the right to trial by jury, and the right to confront one's accuser's. * * * Counsel's failure to assert the right to discharge under R.C. 2945.73 did not cause appellant's waiver of those rights to be less than knowing and voluntary. Appellant has not shown constitutionally ineffective assistance of counsel requiring reversal of his conviction. *Id*., 249.

*See*, *State v. Miller,* 8th Dist. Cuyahoga No. 94790, 2011-Ohio-928, ¶ 16 ("A guilty plea also waives claims of ineffective assistance of counsel based upon statutory speedy trial issues. *State v. Johnson* (Mar. 4, 1993), Cuyahoga App. No. 61904; *State v. Mayle*, 5th Dist. No. CA 07-3, 2008-Ohio-286, at ¶ 39, citing [*Barnett*])."

**{¶ 9}** As in *Barnett*, we conclude that Bateman has not shown that ineffective assistance of trial counsel impaired a knowing and voluntary waiver of his trial rights such

that he was prejudiced. Finally, even if we did not conclude that Bateman's plea waived his right to argue ineffective assistance for failure to seek dismissal on statutory speedy trial grounds, the record before us does not affirmatively demonstrate that the trial court failed to afford Bateman a timely trial date[1]; the records pertaining to the initial indictment and dismissal thereof are not before us. *See*, *Barnett*, Wolff, J., concurring in part ("Barnett may attempt to establish in proceedings for postconviction relief that the trial court did not provide him with a timely trial date, and argue that his counsel was ineffective in failing to move for dismissal.")

{¶ 10} Since ineffective assistance of counsel is not demonstrated, Bateman's second assignment of error is overruled.

{¶ 11} Bateman's first assignment of error is as follows:

"APPELLANT'S MOTION TO WITHDRAW HIS PLEA SHOULD HAVE BEEN GRANTED."

{¶ 12} Batman asserts that the State would not have been prejudiced by the withdrawal of his plea. He asserts that he "repeatedly stated that he did not feel he was

---

[1]The State, however, concedes error, not supported by the record, noting: "Bateman was arrested for the offense on October 1, 2010. The case was dismissed on March 15, 2011. The time between these two dates is one hundred and sixty five days. Bateman was then reindicted on September 26, 2011. The State filed a motion for continuance and the trial court granted the motion on February 3, 2012. The time between indictment and the entry was one hundred and thirty days. Thus, the total amount of days in between Bateman's arrest and the entry granting the continuance was two hundred and ninety five days. Clearly, Bateman's right to a trial within two hundred and seventy days was violated." As noted above, the record before us does not support the State's calculation of time; all records relating to the original indictment, case no. 2010 CR 0747, are not part of this appellate record. In other words, in the absence of a developed record, we cannot conclude that Bateman was entitled to discharge for delay in trial.

adequately represented by counsel," and that "the Crim.R. 11 plea hearing, while detailed, may still have left Bateman confused about the finality of his plea." Bateman asserts that an "additional indication of Bateman's potential confusion with the process was his refusal to cooperate with the presentence investigation." Bateman asserts that he "has continued to deny the charges against him, raising the issue of whether his plea was knowingly and voluntarily given, but also if there is a possibility that he is not guilty."

{¶ 13} As this Court has previously noted:

* * * Crim.R. 32 .1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Under the foregoing rule, a pre-sentence motion to vacate a guilty plea "should be freely and liberally granted." *State v. Xie* (1992), 62 Ohio St.3d 521, 527. Nevertheless, even under the pre-sentence standard, the right to withdraw a plea is not absolute and a trial court retains discretion to overrule a pre-sentence plea-withdrawal motion. *Id.* The pre-sentence standard, however, is far more lenient than the "manifest injustice" standard applicable to post-sentence motions. *State v. Fugate,* Montgomery App. No. 21574, 2007-Ohio-26, ¶ 10.

* * *

But even under the more lenient pre-sentence standard, "a defendant must show a reasonable and legitimate basis for the withdrawal of the plea."

* * * "A change of heart is not enough," and a trial court's finding regarding a defendant's true motivation is entitled to deference. * * * Likewise, a trial court's ultimate decision to grant or deny a pre-sentence motion to withdraw a guilty plea is subject to review for an abuse of discretion. *Fugate*, at ¶ 10. *State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181,¶ 7, 10.

**{¶ 14}** "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeons, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990). *Feldmiller v. Feldmiller,* 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7.

**{¶ 15}** As this Court has noted:

"A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." *State v. Askew*, 2d Dist. Montgomery No. 20110, 2005-Ohio-4026, ¶ 8, quoting *Barnett*.

**{¶ 16}** Further, this Court in *Askew* noted as follows:

When conducting the hearing on the motion to withdraw, the trial

court may consider: "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim. R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw, * * * [5] whether the timing of the motion was reasonable; [6] the reasons for the motion; [7] whether the defendant understood the nature of the charges and potential sentences, and [8] whether the accused was perhaps not guilty or had a complete defense to the charge." *Askew,* at ¶ 11, quoting *State v. Cuthbertson,* 139 Ohio App.3d 895, 898-899, 746 N.E.2d 197 (7th Dist. 2000).

{¶ 17} Crim.R. 11(C)(2) provides:

In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * , and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant of and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to

confront witnesses against him or her, to have compulsory process for obtaining witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 18} Bateman acknowledges that his plea hearing was "detailed," and the record established that after the State set forth the facts of the offense on the record, the trial court engaged Bateman in a thorough Crim.R. 11 colloquy. In the course of the colloquy, Bateman indicated that he was not under the influence of alcohol, drugs or medication, and he indicated that he was satisfied with his counsel's representation. His signed plea form also indicates that he is "satisfied with my attorney's advice and competence." Bateman stated that he understood the nature of the charge and the maximum penalty the court could impose. Bateman affirmatively expressed that he understood that by pleading guilty he admitted to the truth of the facts the State put on the record and waived his right to a trial by jury. He stated that no promises or threats induced his plea. Finally, he admitted that he was guilty of the charge of possession of cocaine. Bateman's assertions that he "may" have been confused about the finality of his plea are merely speculative, and the trial court properly found his plea to be knowingly and voluntarily entered.

{¶ 19} Regarding the hearing on the motion to withdraw his plea, the record reflects that the trial court noted the fact that prospective jurors had been summoned at the time of Bateman's plea. The court expressly considered the representation afforded to Bateman by defense counsel. The record reflects that the court gave Bateman ample opportunity to

explain his reasons for seeking to withdraw his plea, namely that he wanted to hire his own attorney and assert his innocence. The record demonstrates that the trial court gave full consideration to Bateman's request and determined that the motion was untimely, and that the reasons therefore were insufficient.   We conclude that there was no basis for the court to find that Bateman did not understand the nature of the charge or the potential sentence, nor that he was innocent, nor on this record, had a defense to the charge. In other words, Bateman failed to provide the trial court with a reasonable and legitimate basis to withdraw his plea, and the trial court did not abuse its discretion in overruling his motion to withdraw his plea. Bateman's first assigned error is overruled.

{¶ 20}   Bateman's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Lisa M. Fannin
Chris Beck
Hon. Richard J. O'Neill