[Cite as *State v. Luster*, 2018-Ohio-4998.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-5 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-43 |
| | : | |
| ISHMEAL M. LUSTER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of December, 2018.

. . . . . . . . . . .

DEBORAH S. QUIGLEY, Atty. Reg. No. 0055455, Assistant Prosecuting Attorney, Darke County Prosecutor's Office, 504 South Broadway Street, Greenville, Ohio 45331
    Attorney for Plaintiff-Appellee

KEVIN J. STOTTS, Atty. Reg. No. 0069830, 119 North West Street, Suite 101, Lima, Ohio 45801
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-Appellant, Ishmeal Luster, appeals from his conviction, which followed Luster's guilty plea to aggravated robbery and a firearm specification. Following Luster's plea, the trial court imposed sentences upon which the State and Luster had agreed: three years for the aggravated robbery and a mandatory consecutive three-year sentence for the firearm specification, for a total prison term of six-years.

{¶ 2} In support of his appeal, Luster contends that he was prejudiced by the ineffective assistance of trial counsel, who did not file any pretrial motions to exclude evidence pertaining to the firearm specification or to dismiss the firearm specification.

{¶ 3} We conclude that trial counsel did not render ineffective assistance of counsel. Luster pled guilty to the charges, and in such situations, the right to claim ineffective assistance of counsel is waived, other than defects that caused the plea to be less than knowing and voluntary. There is no evidence in the record which demonstrates that Luster's plea was not knowingly, intelligently, and voluntary made. Accordingly, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 4} In February 2018, an indictment was filed charging Luster with aggravated robbery in violation of R.C. 2911.01(A)(1), in that Luster had a deadly weapon on or about his person or under his control in attempting or committing a theft offense as defined in R.C. 2913.01, or in fleeing immediately afterward, and that Luster either displayed the weapon, brandished it, indicated that he possessed the weapon, or used it. The charge was a first degree felony and also included a firearm specification. The charge arose

from a January 6, 2018 robbery at a Walgreen's drugstore.

{¶ 5} After Luster was arraigned, the court set a jury trial for May 15, 2018. Subsequently, at the State's request, the court consolidated Luster's case with that of a co-defendant, Antwan Thompson.

{¶ 6} During an April 24, 2018 telephone conference, defense counsel told the court about alleged interference with his representation by Luster's family members, who had retained him. At a pretrial conference held on April 30, 2018, the State presented a plea offer to reduce the charge to robbery, a second-degree felony, with the firearm specification remaining, and to jointly recommend three years in prison for the robbery and three years for the firearm specification, for a total of six years in prison.

{¶ 7} During the April 30, 2018 pretrial conference, defense counsel again discussed issues about the scope of representation. According to defense counsel, the latest issue concerned a motion to dismiss the firearm specification that Luster's uncle had mailed to counsel. The uncle had affixed counsel's name and attorney registration number to the motion and had "allud[ed]" to filing the motion himself if counsel did not. Defense counsel told the court that he had not drafted or prepared such a motion and did not authorize his name to be included. Transcript of April 30, 2018 Pretrial Proceeding, pp. 5-6. At that time, the trial court advised Luster's parents, who were present, of the scope of defense counsel's representation, i.e., that defense counsel represented only Luster. *Id*. at pp. 6-11.

{¶ 8} On May 1, 2018, Luster's retained counsel filed a motion with the trial court asking for an order that Luster's uncle cease contact with counsel, due to the uncle's alleged harassment and intimidation. Counsel attached a number of documents to the

motion, including text messages from the uncle and a "Motion to Dismiss Specification Charge" that the uncle had drafted.

{¶ 9} On the same day, defense counsel asked to withdraw from the case, claiming that Luster's family members, who had retained him, were dissatisfied with his representation. The trial court denied the motion to withdraw on May 7, 2018, noting that family members who had paid fees to defense counsel were not counsel's clients and that their opinions were immaterial. In addition, the court found that there had been no proffer of a new retained attorney who sought to be substituted as counsel.

{¶ 10} The jury trial began as scheduled on May 15, 2018. After the jury was seated, the State indicated that Luster had not responded to the State's plea offer, and that the State would now offer its original proposal, which was that Luster plead guilty as charged, including the firearm specification, and receive a recommendation and agreement for a total prison sentence of six years. Transcript of Trial Proceedings, pp. 107-108. Defense counsel renewed his motion concerning the family's intimidation, but the court declined to intervene, noting that it could not intervene in situations involving persons who were not parties. *Id.* at pp. 109-110.

{¶ 11} After a lunch break during which Luster conferred with his counsel and family, the parties informed the trial court that they had reached the following plea agreement: (1) Luster would plead to the indictment as charged; and (2) the parties would agree to and recommend a three-year prison term on the aggravated robbery charge and a three-year term on the firearm specification, for a total of six years in prison. *Id.* at p. 115. After conducting a Crim. R. 11(C)(2) colloquy, the trial court found that Luster's plea was knowingly, intelligently, and voluntarily made, and that Luster had waived his

trial rights.   The trial court then accepted Luster's guilty plea and sentenced him to the mutually agreed upon and recommended sentences.   Luster filed a timely appeal from the trial court's judgment.

## II.   Alleged Ineffective Assistance of Counsel

{¶ 12} Luster's sole assignment of error states that:

Appellant Was Prejudiced by Being Denied Effective Assistance of Counsel Guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution by Trial Counsel's Failure to File Any Pre-Trial Motions to Dismiss the Firearm Specification Under R.C. 2941.145.

{¶ 13} Under this assignment of error, Luster contends that trial counsel rendered ineffective assistance by failing to file any pretrial motions either to exclude or suppress the firearm as admissible evidence at trial or to dismiss the firearm specification.   As support for this argument, Luster claims that the record shows that two firearms were seized by law enforcement from a motor vehicle after the robbery, and that "neither, when seized, had any bullets 'chambered' or ready to fire."   Appellant's Brief at p. 6.   Based on these alleged facts, Luster argues that trial counsel could have challenged the admissibility of the firearms as evidence by asserting that the State could not prove that the seized firearms were the actual firearms used in the robbery.

{¶ 14} According to Luster, trial counsel could also have moved to dismiss the firearm specification.   Specifically, he argues that, in the absence of any evidence that the firearms were used in the robbery, any testing of the firearms for operability would have been moot and ineffectual.   Finally, Luster contends that even if the State could

have overcome the filing of a motion to suppress evidence, the seized firearms did not fit within the definition of a "firearm" in R.C. 2923.11(B), because the record demonstrated that the firearms were technically unloaded and were not able to expel a projectile at the time of the crime.

{¶ 15} "Claims of ineffective assistance of trial counsel are reviewed under the analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989)." *State v. Sewell*, 2d Dist. Montgomery No. 27562, 2018-Ohio-2027, ¶ 63. "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *Bradley* at paragraph two of the syllabus. In order to establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus.

{¶ 16} However, "[a] plea of guilty constitutes a complete admission of guilt." *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist.1991), citing Crim.R. 11(B)(1). Defendants who enter guilty pleas as part of a plea bargain waive all appealable errors that may have occurred, "unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea." *Id.*, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). Counsel's failure " 'to provide advice [which impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve the predicate for setting aside a valid plea.' " (Parenthetical material in original.) *Id.*, quoting *United*

*States v. Broce*, 488 U.S. 563, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). *Accord State v. McMahon*, 2d Dist. Clark No. 2014-CA-98, 2015-Ohio-2878, ¶ 16.

**{¶ 17}** Based on these principles, we have said that a guilty plea clearly "waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary." *Barnett* at 249. *Accord State v. Bateman*, 2d Dist. Clark No. 2012-CA-29, 2013-Ohio-4235, ¶ 7; *State v. Cordell*, 2d Dist. Greene No. 2009-CA-57, 2010-Ohio-5277, ¶ 12.

**{¶ 18}** During the plea hearing, the trial court asked Luster if he understood the charge against him, whether he understood what the firearm specification was, and whether he knew the facts about the firearm specification. Luster answered yes to these questions and to the other questions in the Rule 11(C)(2) colloquy. Before Lester signed the plea form, he also indicated that he understood that "a guilty plea is a conclusion, first, that you understand the law; second, you know your conduct so you can conclude that you did violate the law." Transcript of Trial Proceedings at p. 117. We have reviewed the entire record, and we find that the trial court fully complied with all the requirements of Crim.R. 11(C)(2).

**{¶ 19}** Furthermore, the facts alleged in Luster's brief are not in the record. "We have stressed many times that 'we cannot add new matters to the record and decide the appeal based on those facts.' " *State v. Owensby*, 2d Dist. Montgomery No. 26247, 2015-Ohio-3054, ¶ 32, quoting *State v. Jamison*, 2d Dist. Montgomery No. 23211, 2010-Ohio-965, ¶ 32, which in turn, cites *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

{¶ 20} Based on the preceding discussion, Luster's sole assignment of error is without merit and is overruled.


III.   Conclusion

{¶ 21} Luster's sole assignment of error having been overruled, the judgment of the trial court is affirmed.


. . . . . . . . . . . .


HALL, J. and TUCKER, J., concur.


Copies sent to:

Deborah S. Quigley
Kevin J. Stotts
Hon. Jonathan P. Hein