[Cite as *State v. Coleman*, 2024-Ohio-5227.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2024-0041 |
| KE'ONTEZ. D. COLEMAN | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS: Appeal from the Muskingum County Court of Common Pleas, Case No. CR2023-0616

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: October 30, 2024

APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
Muskingum County Prosecuting Attorney
Muskingum County, Ohio

JOHN F. LITLE
JOSEPH A. PALMER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street, Suite 201
Zanesville, Ohio 43702

For Defendant-Appellant

SAMUEL H. SHAMANSKY
LUCAS D. TROTT
523 South Third Street
Columbus, Ohio 43215

`

*Hoffman, P.J.*

{¶1}   Defendant-appellant Ke'Ontez D. Coleman appeals the March 26, 2024 Entry entered by the Muskingum County Court of Common Pleas, denying his presentence motion to withdraw guilty pleas to one count of trafficking in a fentanyl-related compound with attendant firearm and forfeiture specifications and one count of improperly handling a firearm in a motor vehicle, and sentencing him thereon.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

{¶2}   On September 20, 2023, the Muskingum County Grand Jury indicted Appellant on one count of trafficking in a fentanyl-related compound, in violation of R.C. 2925.03(A)(2) and (C)(9)(e), a felony of the second degree, with a one-year firearm specification and a forfeiture specification; one count of possession of a fentanyl-related compound, in violation of R.C. 2925.11(A) and (C)(11)(d), a felony of the second degree; one count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041(A) and (C), a felony of the third degree, with a one-year firearm specification and a forfeiture specification; and one count of improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(B) and (I), a felony of the fourth degree. Appellant failed to appear for arraignment on September 27, 2023, and the trial court issued a warrant for his arrest.  Appellant was subsequently brought before the trial court for arraignment on November 27, 2023, at which time he entered a plea of not guilty to the Indictment. Appellant was released on bond.  After Appellant failed to report for a drug

---

[1] A Statement of the Facts is not necessary to our disposition of this appeal.

test, the trial court issued a bench warrant on January 17, 2024. The warrant was recalled on January 25, 2024.

**{¶3}** The matter was scheduled for trial on January 30, 2024. At the State's request, the trial court conducted a final pretrial on January 29, 2024. Appellant advised the trial court he wished to withdraw his former plea of not guilty and entered a plea of guilty to Count 1, trafficking in a fentanyl-related compound, and Court 4, improperly handling a firearm in a motor vehicle. Following a Crim. R. 11 colloquy, the trial court accepted Appellant's plea and found him guilty. The trial court deferred sentencing pending a pre-sentence investigation. The State moved to dismiss the remaining counts, which the trial court granted via Order filed March 26, 2024.

**{¶4}** On March 18, 2024, Appellant filed a motion for substitution of counsel. Appellant filed a motion to withdraw guilty pleas on the same day. Therein, Appellant's newly retained counsel asserted Appellant's plea was not knowingly, intelligently, and voluntarily made, explaining:

[Appellant] has informed undersigned Counsel that, prior to changing his pleas, he was not properly advised by former counsel of the nature of his potential penalties. More specifically, [Appellant] was unaware that Count One, Trafficking in a Fentanyl-Related Compound, carried a mandatory prison term. Moreover, during the plea colloquy, [Appellant] was instructed by former counsel to answer the Court's questions affirmatively despite not understanding the same. Notably, [Appellant] required specialized support while in school in the form of an Individualized

Educational Plan (IEP) and has no prior familiarity with the criminal justice system.

March 18, 2024 Motion to Withdraw Guilty Pleas at pp. 2-3.

**{¶5}** The State filed a memorandum contra, arguing Appellant failed to present a legitimate and reasonable basis for withdrawing his guilty plea. The trial court scheduled a hearing on the motion on March 25, 2024.  Attorney Lucas Trott appeared on behalf of Appellant.  Attorney Jeff Blosser, Appellant's original counsel, was also present at the hearing. After hearing statements from Attorney Blosser, Attorney Trott, and the State, the trial court denied Appellant's motion and immediately proceeded to sentencing.  The trial court memorialized the denial of Appellant's motion to withdraw guilty pleas and sentence via Entry filed March 26, 2024.

**{¶6}** It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S PRESENTENCE MOTION TO WITHDRAW GUILTY PLEAS.

I

**{¶7}** A motion to withdraw a plea is governed by Crim. R. 32.1, which provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶8}** "A presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Barnes*, 2022-Ohio-4486, ¶ 13, *citing State v. Xie*, 62 Ohio St. 3d 521, paragraph two of the syllabus (1992). However, a defendant does not have an absolute right to withdraw his or her plea, even when a motion to withdraw is made before sentencing. (Citation omitted.) *Id.* After a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea, the decision to grant or deny a presentence motion to withdraw guilty plea is within the sound discretion of the trial court. (Citation omitted.) *Id.* Absent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed. (Citation omitted.) *Id.*

**{¶9}** A trial court's denial of a presentence motion to withdraw is not an abuse of discretion when the record reflects (1) the defendant is represented by highly competent counsel; (2) the defendant was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) after the motion to withdraw is filed, the defendant is given a complete and impartial hearing on the motion; and (4) the court gives full and fair consideration to the plea- withdrawal request. *State v. Clifton*, 2022-Ohio-3814, ¶ 65 (8th Dist.), citing *State v. Peterseim*, 68 Ohio App.2d 211, 214 (8th Dist. 1980).

**{¶10}** In addition, this Court has identified a non-exhaustive list of additional factors a trial court may consider when resolving a presentence motion to withdraw, to

wit: (1) whether the withdrawal will prejudice the prosecution; (2) whether the timing of the motion was reasonable; (3) the stated reasons for the motion; (4) whether the defendant understood the nature of the charges and the possible penalties; and (9) whether the defendant was perhaps not guilty or had a complete defense. *State v. Gilmore,* 2016–Ohio–2654, ¶ 14 (5th Dist.), citing *State v. Cuthbertson,* 139 Ohio App.3d 895, 898–899 (7th Dist. 2000), citing *State v. Fish,* 104 Ohio App.3d 236, (1st Dist. 1995). No one factor is absolutely conclusive. *State v. Fish*, 104 Ohio App.3d at 240. See, also, *State v. Barnes*, 2022-Ohio-4486, ¶¶ 16-17.

**{¶11}** The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw guilty plea are matters to be resolved by the trial court, which is in a better position to evaluate the motivations behind a guilty plea than is an appellate court in reviewing a record of the hearing. *Xie,* 62 Ohio St.3d at 525, *citing State v. Smith*, 49 Ohio St.2d 261 (1977).

**{¶12}** Appellant argues the trial court abused its discretion in denying his motion to withdraw by "[relying] on facts not in the record and [engaging] in extensive speculation." Brief of Appellant at p. 14. Specifically, Appellant contends the trial court failed to provide him with an adequate hearing on his motion "and did not give full and fair consideration to Appellant's request as evidenced by the hearing that it did conduct." *Id*. Appellant further asserts, "in addition to the deficient procedure of the hearing, the trial court's verbal comments support the notion that it failed to give Appellant's motion full and fair consideration as required by the" factors set forth in *State v. Barnes*, 2022-Ohio-4486, ¶¶ 16-17. *Id*. at p. 15.

**{¶13}** We begin by reviewing the extent of the trial court's hearing on Appellant's motion to withdraw and whether the trial court gave full and fair consideration to the motion. As noted in our Statement of the Case, supra, in addition to Attorney Trott, Attorney Blosser also was present at the hearing. The bailiff swore in both attorneys. The hearing began with the following exchange between the trial court and Attorney Trott:

THE COURT: * * * that motion [to substitute counsel] indicates that [Appellant] had indicated that he wanted new counsel. And then you indicate why, in the motion to suppress [sic], certain allegations, which those allegations arise to the point of being subject to malpractice, discipline – discipline, and possibly even criminal charges.

Would you please explain that on the record[?]

MR. TROTT: * * * The basis for our inclusion of those allegations in the motion to withdraw the plea stems from [Appellant's] representations to us. He came into our office to hire us as counsel expressing these concerns with his prior representation.

We explained to him the process of what may be required in a hearing to withdraw said plea. And moreover, he indicated he would be comfortable sharing those under oath. So that's the good-faith basis by which we made those – those allegations.

And that's –

THE COURT: Did you contact previous counsel, who was representing him at the time, that you wanted to speak with his client?

\* \*

MR. TROTT: We – we – just [contacted Mr. Blosser] to ask for permission to – to sign his name to a substitution of counsel. I believe that's the extent.

THE COURT: But that would have been after you talked to [Appellant]?

MR. TROTT: After Mr. – yes.

\* \*

THE COURT: Prior to speaking with [Appellant], did you contact his attorney and indicate that you wanted to speak with him?

MR. TROTT: No.

THE COURT: You didn't see anything wrong with that?

MR. TROTT: Well, [Appellant] came in – as far as what I – I don't believe I saw anything wrong with it. I don't know that anyone else in our office necessarily contacted Mr. Blosser. He might be able to tell you.

THE COURT: It is – when somebody is represented, you're not supposed to speak to them without the other attorney's approval, whether they are represented in – as a witness, as a plaintiff, as a defendant in a civil case, or anything else.

MR. TROTT: Understood.

Transcript of March 25, 2024 Hearing at pp. 3-5.

**{¶14}** The trial court then addressed Attorney Blosser, who confirmed he was contacted about the substitution of counsel and whether he would give approval to sign his name, but added this conversation occurred after Appellant spoke with Attorney Trott. The trial court inquired as to whether Attorney Blosser had the opportunity to review Appellant's motion to withdraw guilty pleas and whether he had any comments thereon. The trial court added, "I believe you can talk freely, in the extent that the allegations contained in that motion are liableness [sic], as well as many other things -- * * * so the attorney/client privilege has been waived." *Id.* at pp. 6-7. Attorney Blosser described the protocol he has followed for over 25 years when advising a client entering a change of plea. Attorney Blosser denied telling Appellant "to answer in the affirmative to everything the Court asked," noting, "that did not happen. I did not indicate that to him." *Id.* at p. 7. Attorney Blosser continued:

> We had also talked about [mandatory time on at least one charge and one gun specification] when I gave him – or conveyed the offer made by the State, that the involved mandatory time both on the spec and I believe on the charge. I don't have it in front of me right now, but I – I would have told him that prior to accepting the plea. * * * and during the colloquy from the court [mandatory time] was mentioned quite a bit I believe.
>
> *Id.* at pp. 7-8.

**{¶15}** Attorney Blosser concluded by stating he would be happy to address any other allegations.  The trial court asked Attorney Trott if he wished to address the motion.  Attorney Trott responded:

> In addition to the allegations that were made, I mean, again, those were based upon [Appellant's] indications to us and his indication that he was willing to testify under oath.  We – we informed him that that would likely be a requirement at this hearing.
>
> Since then, he's had other conversations with us, myself, and Mr. Shamansky both regarding his representation from Mr. Blosser.  Apparently – he would be willing to tell you this himself * * *
>
> Now, he makes no – he makes no assertion that the proper colloquy wasn't given or that [Appellant] didn't actually answer affirmatively when he was expected to. What he does claim is that he was unfamiliar with what he was being asked. And when he looked for guidance, he was indicated to say yes.
>
> Now, whether that amounts to Mr. Blosser purposefully telling him to do something unknowingly, I don't believe it does. It could have been – I don't suspect Mr. Blosser is a mind reader, nor is the Court.
>
> But under the circumstances, we would simply submit that not – having not received guidance from Mr. Blosser, or the review of discovery with him, that his plea couldn't have been knowingly, intelligently, and voluntarily.

And I would also say that [Appellant] is not intending to be an obstructionist by this. I think he just wants to rest assured that, you know, when he's entering into a case with a plea, with a gravity such as this, he's been represented by counsel to his satisfaction.

*Id.* at pp. 8-10.

**{¶16}** The trial court remarked:

Just so you'll know, prior to this plea there was a warrant out for your client because he was not contacting his attorney and not contacting the probation department. When he finally did show up here, he admitted that he hadn't, and admitted the reason he hadn't is because he owed Mr. Blosser money and he didn't want to go there and -- because he hadn't paid him.

Now, on top of all of that, that's what he told the probation officer, chief of the probation department, actually, that he wanted to plea and he would contact Mr. Blosser and inform him of that.

Irregardless of whatever had or had not been done, he instigated it, and that's the basis that led to the plea. It wasn't that he had been calling him and trying to get in to see him and him saying he wasn't available. It was the other way around.

*Id.* at pp. 10-11.

{¶17} The trial court continued, "Now, the other part is, just because your client walks in and tells you something, do you feel that you can just put that into a motion and file it with whatever it might say?" *Id.* at p. 11. Attorney Trott replied, "Your Honor, I do believe that his -- his statements to us and his willingness, that he would attest to the same under oath, I believe that is a good-faith basis." *Id.* The State presented its arguments in opposition to Appellant's motion to withdraw, specifically noting Appellant's "behavior in this case has been consistently dilatory" and a means to "further delay matters." *Id.* at p. 14.

{¶18} The statements made by the trial court throughout the hearing clearly demonstrate the trial court's bias and strongly suggest the trial court had prejudged Appellant's motion to withdraw. As such, we cannot find the trial court gave full and fair consideration to Appellant's motion. Likewise, we cannot find the trial court conducted a complete and impartial hearing on Appellant's motion. Other than the statements made under oath by Attorney Blosser, no testimony was presented or offered. The trial court did not ask Attorney Trott if he wished to question Attorney Blosser nor did Attorney Trott request to do so. And, although Attorney Trott repeatedly indicated Appellant's willingness to testify under oath, Attorney Trott did not call Appellant as a witness, nor was he prevented from doing so by the trial court.

{¶19} Despite these shortcomings, we cannot find the trial court abused its discretion in denying Appellant's motion to withdraw. Appellant was afforded a full hearing pursuant to Crim.R. 11. We have reviewed the transcript from that hearing and find the trial court conducted a thorough colloquy in compliance with Crim.R. 11. As part of the colloquy, the trial court advised Appellant of the charges against him and the potential

penalties. Appellant confirmed he understood the trial court's advisements.  Furthermore, although Appellant argues he did not comprehend what was happening at the change-of-plea hearing, the record does not support this contention. Our review of the hearing on Appellant's motion to withdraw, despite its limited nature, and our review of the full Crim.R. 11 hearing, supports our conclusion the trial court did not abuse its discretion in denying the motion.

**{¶20}**  Appellant's sole assignment of error is overruled.

**{¶21}** The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur